# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

IN RE EXPRESS SERVICES, INC. DATA
BREACH LITIGATION

Case No. 5:24-cv-00974

Honorable Judge Bernard Jones

## SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into by and among Plaintiffs Kurtis Sabo, Russell Karli, and Kristin Lunsford (collectively "Plaintiffs" or "Class Representatives"), on behalf of themselves and the proposed Settlement Class and Express Services, Inc. ("Defendant" or "Express Services") (together, the "Parties").

## I.    BACKGROUND

1.    This litigation arises from a data security incident involving the personally identifiable information ("PII") of Plaintiffs and the members of the proposed Settlement Class.

2.    Plaintiffs allege that Express Services became aware of unusual activity within a company email account on June 21, 2024, and that certain information stored with Express Services' email systems was accessed and/or acquired without authorization during the incident, including PII of Plaintiffs and the proposed Settlement Class (the "Incident").

3.    After Express Services provided notice of the Incident in September 2024, three (3) separate lawsuits were filed against Defendant in the United States District Court for the Western District of Oklahoma alleging causes of action stemming from the Incident:

    a.    *Kurtis Sabo v. Express Services, Inc.*, Case No. 5:24-cv-00974-J (the "*Sabo* Action");

    b.    *Russell Karli v. Express Services, Inc.*, Case No. 5:24-cv-01021-HE (the "*Karli* Action"); and

    c.    *Kristin Lunsford v. Express Services, Inc.*, Case No. 5:24-cv-01123-HE (the "*Lunsford* Action").

1

4.     On November 13, 2024, the actions were consolidated into the *Lunsford* Action, and the Court entered an Order appointing William B. Federman of Federman & Sherwood as interim lead class counsel for Plaintiffs and the putative class.

5.     On December 23, 2024, Plaintiffs filed their Consolidated Class Action Complaint, asserting the following causes of action against Express Services: (1) Negligence; (2) Negligence *Per Se*; (3) Breach of Implied Contract; (4) Unjust Enrichment; and (5) Declaratory and Injunctive Relief.

6.     The Parties engaged in informal discovery and explored and discussed at length the factual and legal issues in the Action and related to the Incident. On March 25, 2025, the Parties participated in a full-day mediation with mediator, Honorable David E. Jones (Ret.). Significant arm's-length settlement negotiations took place between the Parties during and in the weeks following the mediation, including with the assistance of the mediator. The Parties were successful in reaching an agreement in principle to resolve the Action in the weeks following the mediation.

7.     The Parties did not discuss attorneys' fees, costs, and expenses, or service awards for Plaintiffs, prior to reaching an agreement as to the material terms of the relief for Settlement Class Members. Following extensive negotiations, on or about May 15, 2025, the Parties reached an agreement in principle as to attorneys' fees, costs, and expenses and service awards.

8.     The Parties recognize the outcome of the Action and the claims asserted in the Action are uncertain, and that protracted litigation of this Action to final judgment would entail substantial cost, risk, and delay of benefits and relief for Plaintiffs and all Settlement Class Members.

9.     The Parties desire to compromise and settle all issues, claims, and allegations asserted in the Action, or those claims that could have been asserted in the Action based upon the Incident, by or on behalf of Plaintiffs and the Settlement Class.

10.     Plaintiffs and Interim Class Counsel believe that the factual and legal claims asserted in the Action are meritorious. Interim Class Counsel has investigated the facts relating to the claims and defenses alleged and the underlying events in the Action, has made a thorough study of the legal principles applicable to the claims and defenses asserted in the Action, and has conducted a thorough assessment of the strengths and weaknesses of the claims in the Action.  Plaintiffs and Interim Class Counsel have concluded that it would be in the best interests of the Settlement Class to enter into this Agreement, which interests include the substantial value to be derived by this Settlement and the interests of avoiding the uncertainties of litigation and assuring that the benefits reflected herein are obtained for the Settlement Class; that the Plaintiffs consider the Settlement set forth herein

to be fair, reasonable and adequate and in the best interests of the Settlement Class; and Plaintiffs and Interim Class Counsel believe that the Settlement confers substantial benefits upon the Settlement Class.

11.     Express Services asserts numerous legal and factual defenses to the claims made in the Action and specifically denies each and all of the claims and contentions alleged against it in the Action and denies all charges of wrongdoing or liability as alleged, or which could be alleged, in the Action.  Express Services, despite its belief that it has valid and complete defenses to the claims asserted against it in the Action, has nevertheless agreed to enter into this Agreement to reduce and avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and thereby resolve this controversy, without any admission of wrongdoing or liability whatsoever.

**NOW, THEREFORE**, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, it is hereby agreed by and among the Class Representatives, individually and on behalf of the Settlement Class, and Express Services that, subject to the approval of the Court, the Action be forever resolved, settled, compromised, and dismissed with prejudice on the following terms and conditions:

## II.     DEFINITIONS

12.     The terms used in this Settlement Agreement, and listed in this section, shall have the following meanings:

    a.  "Action" means the putative class action lawsuit captioned as *In re Express Services, Inc. Data Breach Litigation*, Case No. 5:24-cv-00974, pending in the United States District Court for the Western District of Oklahoma before the Honorable Judge Bernard Jones.

    b.  "Agreement" or "Settlement Agreement" or "Settlement" means this Settlement Agreement, Exhibits, and the settlement embodied herein.

    c.  "Alternative Cash Payment" means a payment of seventy-five dollars ($75.00) to each Settlement Class Member who elects to receive this payment in lieu of a claim for Ordinary Out-of-Pocket Losses, Extraordinary Out-of-Pocket Losses, or Lost Time.

    d.  "Approved Claim" means any Claim approved by the Settlement Administrator or found to be valid through the appeal process set forth in this Agreement.

    e.  "Claim" means a claim for settlement benefits made under the terms of this Settlement Agreement.

3

f.  "Claimant" means a Settlement Class Member who makes a Claim for benefits under this Settlement Agreement.

g.  "Claims Administrator" or "Settlement Administrator" means Simpluris, Inc., or another third-party settlement administrator chosen by the Parties to provide Notice of the Settlement to the Settlement Class and administer the Settlement, subject to approval of the Court.

h.  "Claims Deadline" means the final time and date by which a Claim must be postmarked or submitted to the Settlement Website in order for a Class Member to be entitled to any of the settlement consideration contemplated by this Agreement. The Claims Deadline shall be sixty (60) days after the Notice Date.

i.  "Claim Form" means the form that the Settlement Class Member must complete and submit on or before the Claim Deadline in order to be eligible for the benefits described herein. The Claim Form shall be reformatted by the Settlement Administrator as needed. The Claim Form template is attached as **Exhibit A** to this Settlement Agreement.

j.  "Class Counsel" refers to William B. Federman of Federman & Sherwood.

k.  "Class Representatives" means Plaintiffs (as defined later in this section).

l.  "Complaint" means the Consolidated Class Action Complaint filed by Plaintiffs in the Action on December 23, 2024.

m.  "Court" means the Hon. Judge Bernard Jones of the United States District Court for the Western District of Oklahoma or such other Court sitting in its stead.

n.  "Credit Monitoring Services" means credit monitoring and identity protection services, or other comparable service, for a period of three (3) years. The service shall include credit monitoring from one (1) credit bureau, access to credit report(s) and identity theft insurance.

o.  "Effective Date of Settlement" or "Effective Date" means the date upon which the Settlement in the Action shall become effective and final, and occurs when the Final Judgment, as defined below, has been entered and all times to appeal therefrom have expired with (1) no appeal or other review proceeding having been commenced; or (2) an appeal or other review proceeding having been commenced, and such appeal or other review having

been concluded such that it is no longer subject to review by any court, whether by appeal, petitions for rehearing or re-argument, petitions for rehearing en banc, petitions for writ of certiorari, or otherwise, and such appeal or other review has been resolved in a manner that affirms the Final Judgment in all material respects.

p.   "Express Services" or "Defendant" means Express Services, Inc.

q.   "Express Services' Counsel" or "Defendant's Counsel" means Joseph Salvo, John Mills, and Gregg Lytle of Gordon Rees Scully Mansukhani, LLP.

r.   "Extraordinary Out-of-Pocket Losses" means documented out-of-pocket costs or expenditures that a Settlement Class Member actually incurred that is/are: (1) an actual, documented and unreimbursed monetary loss; (2) more likely than not caused by the Incident; (3) occurred on or after May 7, 2024, and through the date of the Settlement Class Member's claim submission; and (4) not already covered under one or more of the normal reimbursement categories, and the Settlement Class Member has made reasonable efforts to avoid, or seek reimbursement for, the loss, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance.

s.   "Fees Award and Costs" means the reasonable attorneys' fees, costs, and expenses incurred by counsel for Plaintiffs and awarded by the Court, not to exceed the amount agreed to by the Parties.

t.   "Final Approval Hearing" means the hearing to determine whether the Settlement of the Action should be given final approval and whether the applications of Class Counsel for attorneys' fees, costs and expenses and service awards for the Class Representatives should be approved.

u.   "Final Judgment" means a judgment entered by the Court, as discussed in Section XIV, below.

v.   "Incident" means the data incident described in the Complaint discovered by Express Services in or around June 2024.

w.   "Litigation" means all claims and causes of action asserted in the Action, including those asserted in the *Sabo*, *Karli*, and/or *Lunsford* Actions, or that could have been asserted, against Express Services and the Released Parties, including any and all appellate rights, as well as any other such actions by and on behalf of any other individuals or putative classes of individuals originating, or that may originate, in the jurisdictions of the United States

against Express Services relating to the Incident. The Parties represent that they are unaware of any such actions pending other than the Action and the *Sabo*, *Karli*, and *Lunsford* Actions.

x.  "Lost Time" means time spent remedying issues relating to the Incident.

y.  "Notice" means the postcard notice substantially in the form, included within **Exhibit B**, attached hereto, which is to be mailed to Settlement Class Members via U.S.P.S. first class mail, subject to approval by the Court. Notice also means the long form notice, included within **Exhibit C**, attached hereto, which is to be made available to the Settlement Class Members on the Settlement website maintained by the Settlement Administrator, without material alteration (except where necessary to render it electronically accessible).

z.  "Notice and Administration Expenses" means all of the expenses incurred by the Claims Administrator in the administration of this Settlement, including, without limitation, all expenses or costs associated with providing Notice to the Settlement Class, locating Settlement Class Members, performing National Change of Address search(es) and/or skip tracing, processing claims, determining the eligibility of any person to be a Settlement Class Member, and administering, calculating and disbursing the benefits made available under this Settlement to Settlement Class Members.  Notice and Administration Expenses also includes all reasonable third-party fees and expenses incurred by the Claims Administration in administering the terms of this Agreement.

aa. "Notice Date" means the first date upon which the Notice is disseminated.

bb. "Notice Deadline" means the last day by which Notice must begin issuing to the Class and will initially occur thirty (30) days after entry of the Preliminary Approval Order.

cc. "Objection Deadline" means the deadline for objections to the Settlement to be specified in the Notices, which date shall be sixty (60) days from the date Notice is scheduled to be mailed by the Settlement Administrator.

dd. "Opt-Out Deadline" means the deadline for requests to opt-out of the Settlement to be specified in the Notices, which date shall be sixty (60) days from the date Notice is scheduled to be mailed by the Settlement Administrator.

ee. "Order and Final Judgment" means an order of the Court granting Final Approval of the Settlement and the corresponding Final Judgment. A proposed form of the Order and Final Judgment is included within **Exhibit E**, attached hereto.

ff. "Ordinary Out-of-Pocket Losses" means documented unreimbursed costs or expenditures incurred by a Settlement Class Member that are fairly traceable to the Incident. Ordinary Out-of-Pocket Losses may include, without limitation, the following costs incurred on or after May 7, 2024, through the date of the Settlement Class Member's claim submission: (1) costs incurred on or after May 7, 2024, associated with accessing or freezing/unfreezing credit reports with any credit reporting agency; (2) other miscellaneous expenses incurred related to any Out-of-Pocket Losses, such as notary, fax, postage, copying, mileage, and long-distance telephone charges; and (3) credit monitoring or other mitigative costs.

gg. "Participating Settlement Class Member" means a Settlement Class Member who does not submit a valid Request for Exclusion by the Opt-Out Deadline.

hh. "Parties" means (i) Class Representatives, on behalf of themselves and the Settlement Class, and (ii) Express Services.

ii. "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision thereof, and any business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, agents and/or assignees.

jj. "PHI" means protected health information.

kk. "PII" means personally identifiable information.

ll. "Plaintiffs" means Kurtis Sabo, Russell Karli, and Kristin Lunsford.

mm. "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement and directing mailed notice to the Settlement Class of the pendency of the Action and of the Settlement, to be entered by the Court. A proposed form of the Preliminary Approval Order is included within **Exhibit D**, attached hereto.

nn. "Private Information" means, collectively, PII, PHI and/or other personal information.

oo. "Released Claims" means any and all claims, liabilities, rights, demands, suits, actions, causes of action, obligations, damages, penalties, costs, attorneys' fees, losses, and remedies of every kind or description—whether known or unknown (including Unknown Claims), existing or potential, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, legal, statutory, or equitable—that the Releasing Parties had or have that have been or could have been asserted in the Action or that otherwise relate to or arise from the Incident, the operative facts alleged in the Action, including the Complaint and any amendment thereto, the alleged access, disclosure and/or acquisition of Settlement Class Members' Personal Information in the Incident, Express Services' provision of notice to Settlement Class Members following the Data Incident, Express Services' information security policies and practices, or Express Services' maintenance or storage of Personal Information, regardless of whether such claims arise under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law.

pp. "Released Parties" means Express Services and each and every of its respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of their past, present, and future officers, directors, employees, stockholders, partners, servants, agents, successors, attorneys, representatives, franchisees, insurers, reinsurers, subrogees and assigns of any of the foregoing. Each of the Released Parties may be referred to individually as a "Released Party."

qq. "Releasing Parties" means the Class Representatives and Participating Settlement Class Members, and each of their respective heirs, executors, administrators, representative, agents, partners, successors, attorneys, and assigns.

rr. "Request for Exclusion" means a written communication by or on behalf of a Settlement Class Member in which he or she requests to be excluded from the Settlement Class in the form and manner provided for in the Notice, and on or before the Opt-Out Deadline.

ss. "Service Award Payment(s)" means compensation awarded by the Court and paid to the Class Representatives in recognition of their role in the Action.

tt. "Settlement" means the settlement reflected by this Agreement.

uu. "Settlement Class" means all Persons whose Private Information was potentially compromised as a result of the Incident. The Settlement Class

specifically excludes: (i) the Judge assigned to evaluate the fairness of this Settlement; and (ii) any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Incident or who pleads *nolo contendere* to any such charge. The Settlement Class is approximately 7,928 individuals. All Persons who are members of the Settlement Class shall be referred to as "Settlement Class Members."

vv. "Settlement Class List" means the list generated by Express Services containing the full names and current or last known addresses for Settlement Class Members, which Express Services shall provide to the Claims Administrator within fourteen (14) days of the Preliminary Approval Order.

ww.　　　"Settlement Class Member" means any Person who falls within the definition of the Settlement Class.

xx. "Settlement Payment" or "Settlement Check" means the payment to be made via mailed check or electronic payment to a Participating Settlement Class Member who has submitted an Approved Claim

yy. "Settlement Website" means the website that the Settlement Administrator will establish as soon as practicable following entry of the Preliminary Approval Order, but prior to the mailing of the Notice, as a means for Settlement Class Members to obtain notice of and information about the Settlement and relevant case documents and deadlines. The Settlement Website shall contain relevant documents, including, but not limited to, the Notice, this Agreement, Plaintiffs' motion for preliminary approval of the Settlement, the Preliminary Approval Order, Plaintiffs' motion for a Fee Award and Costs and/or Service Award Payment(s), and the Complaint. The Settlement Website shall also include a toll-free telephone number, e-mail address, and mailing address through which Settlement Class Members may contact the Settlement Administrator directly. The Settlement Website shall not include any advertising and shall remain operational until at least sixty (60) days after all Settlement Payments have been distributed.

zz. "Unknown Claims" means any of the Released Claims that any Settlement Class Members, including any of the Class Representatives, does not know or suspect to exist in his/her favor at the time of the release of the Released Parties that, if known by him or her, might have affected his or her settlement with, and release of, the Released Parties, or might have affected his or her decision not to object to and/or to participate in this Settlement Agreement. With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, the Class Representatives expressly shall have,

9

and each of the other Settlement Class Members shall be deemed to have, and by operation of the Final Judgment shall have, waived the provisions, right, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by the law of any state, province, or territory of the United States, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Settlement Class Members, including the Class Representatives, may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Released Claims, but the Class Representatives expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Final Judgment shall have, upon the Effective Date, fully, finally, and forever settled and released any and all of the Released Claims. The Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

## III.    SETTLEMENT BENEFITS TO CLASS

Subject to the terms of this Agreement, Express Services shall make available the following benefits (none of which are mutually exclusive) to Participating Settlement Class Members who have submitted Approved Claims:

13.    **Ordinary Out-of-Pocket Losses Reimbursement:** Participating Settlement Class Members who suffered Ordinary Out-of-Pocket Losses fairly traceable to the Incident, and timely submit a claim supported by reasonable documentation of their claim, will be eligible for a payment of up to Eight Hundred Dollars and Zero Cents ($800.00), but not more than the documented loss proven.

    a.    Participating Settlement Class Members who elect to submit a claim for Ordinary Out-of-Pocket Losses Reimbursement must provide the Settlement Administrator with the information required to evaluate the claim, including: (1) the Participating Settlement Class Member's name and current address;

(2) documentation supporting their claim; (3) a brief description of the documentation describing the nature of the loss, if the nature of the loss is not apparent from the documentation alone; and (4) whether the Participating Settlement Class Member has been reimbursed for the loss by another source.

b.  Documentation supporting Ordinary Out-of-Pocket Losses may include receipts or other documentation that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but may be considered to add clarity to or support to other submitted documentation. Ordinary Out-of-Pocket Losses that are compensated under this Settlement Agreement are those that are reasonable and customarily incurred when responding to the type of fraud or identity theft suffered by the Participating Settlement Class Member from the Incident and which occurred on or after May 7, 2024, through the date of the Settlement Class Member's claim submission.

c.  No Participating Settlement Class Member shall be eligible for reimbursement of Ordinary Out-of-Pocket Losses if they have been reimbursed for these Ordinary Out-of-Pocket Losses through another source, including, without limitation, any credit card, or credit monitoring/identity protection or financial service/insurance.

d.  The Settlement Administrator shall have the sole discretion and authority to determine whether and to what extent documentation for Ordinary Out-of-Pocket Losses reflects losses incurred, are valid claims and are fairly traceable to the Incident based upon, including but not limited to, the timing of the loss and the type of information used to commit identity theft or fraud and whether that information is fairly traceable to the Incident.  The Settlement Administrator may contact Participating Settlement Class Members to seek clarification regarding submitted claims prior to determining their validity.

e.  Claims for reimbursement of Ordinary Out-of-Pocket Losses can be combined with claims for reimbursement of Lost Time; however, those claims are subject to a combined Eight Hundred Dollars and Zero Cents ($800.00) aggregate cap. In no event shall an Approved Claim for reimbursement of Ordinary Out-of-Pocket Losses and reimbursement for Lost Time exceed, in the aggregate, Eight Hundred Dollars and Zero Cents ($800.00).

14.  **Extraordinary Out-of-Pocket Losses Reimbursement:** Participating Settlement Class Members who suffered Extraordinary Out-of-Pocket Losses fairly traceable to the Incident, and timely submit a claim supported by reasonable documentation

of their claim, will be eligible for a payment of up to Five Thousand Dollars and Zero Cents ($5,000.00), but not more than the documented loss proven.

a. Participating Settlement Class Members who elect to submit a claim for Reimbursement of Extraordinary Out-of-Pocket Losses must provide to the Settlement Administrator the information required to evaluate the claim, including: (1) the Participating Settlement Class Member's name and current address; (2) documentation supporting their claim; (3) a brief description of the documentation describing the nature of the loss, if the nature of the loss is not apparent from the documentation alone; and (4) whether the Class Member has been reimbursed for the loss by another source.

b. Documentation supporting Extraordinary Out-of-Pocket Losses can include receipts or other documentation not "self-prepared" by the Participating Settlement Class Member that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity to or support other submitted documentation.

c. The Settlement Administrator shall have the sole discretion and authority to determine whether the claim for Extraordinary Out-of-Pocket Losses, including whether and to what extent documentation for Extraordinary Out-of-Pocket Losses reflects losses incurred, are valid claims and are fairly traceable to the Data Incident based upon, including but not limited to, the timing of the loss and the type of information used to commit identity theft or fraud and whether that information is fairly traceable to the Data Incident. The Settlement Administrator may contact Participating Settlement Class Members to seek clarification regarding submitted claims prior to determining their validity.

d. Additionally, in determining whether a claim for Extraordinary Out-of-Pocket Losses is valid, the Settlement Administrator must determine that: (1) the loss is an actual, documented, and unreimbursed monetary loss; (2) the loss was more likely than not caused by the Incident; (3) the loss occurred on or after May 7, 2024, through the date of the Settlement Class Member's claim submission; (4) the loss is not already covered by one or more of the normal reimbursement categories provided under this Settlement Agreement; and (5) the Participating Settlement Class Member has made reasonable efforts to avoid, or seek reimbursement for, the loss, including but not limited to exhaustion of the benefits made available to the Participating Settlement Class Member under any applicable credit card, credit monitoring/identity protection or financial service(s).    The Settlement

Administrator may contact Participating Settlement Class Members to seek clarification regarding submitted claims prior to determining their validity.

e.  In no event shall an Approved Claim for reimbursement of Extraordinary Out-of-Pocket Losses exceed Five Thousand Dollars and Zero Cents ($5,000.00).

15.  **Reimbursement for Lost Time:** Participating Settlement Class Members may submit a claim for up to four (4) hours of attested-to Lost Time spent dealing with the Incident at a rate of Twenty-Five Dollars and Zero Cents ($25.00) per hour by providing a brief description of (1) the action taken in response to the Incident; and (2) the time associated with each action.

a.  The Settlement Administrator shall have the sole discretion and authority to determine whether the prerequisites have been met in order to award payments for reimbursement of Lost Time. The Settlement Administrator may contact Participating Settlement Class Members to seek clarification regarding submitted claims prior to determining their validity.

b.  Claims for reimbursement of Lost Time can be combined with claims for reimbursement of Ordinary Out-of-Pocket Losses; however, those claims are subject to a combined Eight Hundred Dollars and Zero Cents ($800.00) aggregate cap. In no event shall an Approved Claim for reimbursement of Ordinary Out-of-Pocket Losses and reimbursement for Lost Time exceed, in the aggregate, Eight Hundred Dollars and Zero Cents ($800.00).

16.  **Credit Monitoring Services:** Participating Settlement Class Members can elect to enroll in Credit Monitoring Services. Participating Settlement Class Members must affirmatively request Credit Monitoring Services by indicating such request on the Claim Form, and codes will be sent either to an email address provided by the Participating Settlement Class Member or, if they do not have an email address, mailed to the address provided on the claim form.

17.  **Alternative Cash Payment:** In lieu of filing a claim for reimbursement of Ordinary Out-of-Pocket Losses, Extraordinary Out-of-Pocket Losses, and/or Lost Time, under Paragraphs 13–15 above, Participating Settlement Class Members may make a claim to receive an Alternative Cash Payment in the amount of seventy-five dollars ($75.00).

a.  The Settlement Administrator shall verify that each person who submits a Claim Form for an Alternative Cash Payment is a Participating Settlement Class Member. A Participating Settlement Class Member shall not be required to submit any documentation or additional information in support of their claim for an Alternative Cash Payment. However, the Claim Form

must clearly indicate that the Participating Settlement Class Member is electing to claim the Alternative Cash Payment in lieu of a claim for reimbursement of Ordinary Out-of-Pocket Losses, Extraordinary Out-of-Pocket Losses, and/or Lost Time and, specifically, Paragraphs 13–15 above.

b. The Settlement Administrator may contact Participating Settlement Class Members to seek clarification regarding submitted claims prior to determining their validity. In the event of any ambiguities in the Claim Form, the Settlement Administrator must contact the Participating Settlement Class Member prior to making a determination as to its validity and, specifically, whether the Participating Settlement Class Member wishes to file a claim for an Alternative Cash Payment or a claim for reimbursement of Ordinary Out-of-Pocket Losses, Extraordinary Out-of-Pocket Losses, and/or Lost Time pursuant to Paragraphs 13–15 above.

## IV.    CONFIRMATORY DISCOVERY

18.    Within thirty (30) days of the Preliminary Approval Order, Express Services will provide reasonable access to confidential confirmatory discovery regarding the changes and improvements that have been made or are being made to further protect Settlement Class Members' Private Information. The information provided by Express Services under this Paragraph shall be treated as confidential and cannot be used for any purpose other than enforcement of this Settlement Agreement. Nothing about this Paragraph shall create any rights to any present or future contractual or equitable remedy on behalf of any Settlement Class Member(s) other than what is approved by the Court in the Final Approval Order.

## V.    STIPULATED CLASS ACTION SETTLEMENT CERTIFICATION

19.    Only for purposes of effectuating the Settlement, Class Representatives, Class Counsel, and Express Services agree and stipulate to certification of the Settlement Class as defined in this Agreement. Class Representatives, Class Counsel, and Express Services further agree and stipulate that, subject to Court approval, Class Counsel shall act as counsel for the Settlement Class.

20.    Such agreement and stipulation to certification of the Settlement Class and appointment of Class Counsel is contingent upon the Court entering the Final Approval Order and Judgment of this Settlement and the occurrence of the effective date. Should such events not occur or in the event this Agreement is terminated for any reason, Express Services reserves the right to object to class certification *de novo*. This Agreement shall have no precedential effect with regard to any motion for certification of a litigation class that may be filed if this matter is not fully and completely resolved through this settlement effort. This Agreement shall have no precedential effect with regard to any other lawsuit

against Defendant that may be pending now or in the future, other than in a proceeding seeking to enforce this Agreement.

21.    Class Representatives, Class Counsel, and Express Services agree and stipulate that the Settlement should be approved by the Court, and that the Court should make a determination that the Settlement is fair, reasonable, and adequate, and made in good faith. Class Counsel shall bear the expenses and responsibility for taking all necessary measures to obtain Court approval, including, without limitation, preparing and filing all papers with the Court necessary for obtaining such approval, and following the required procedures for a good faith determination.

22.    Class Representatives, Class Counsel, and Express Services agree and stipulate that the Parties shall timely submit the motions for Preliminary and Final Approval of the Parties' Settlement to the Court. Consistent with the terms of this Agreement and notwithstanding the rights of the Parties to terminate this Agreement as set forth herein, the Parties and their counsel agree to cooperate and use their reasonable best efforts, including all steps and efforts contemplated by this Agreement and any other reasonable steps and efforts that may be necessary or appropriate, by order of the Court or otherwise, to carry out the terms of this Agreement.

## VI.    RELEASE

23.    Upon the Effective Date, and without any further action, for good and valuable consideration the adequacy of which is hereby acknowledged, each Releasing Party shall be deemed to have fully, finally, and forever released, relinquished, and discharged any and all Released Claims against each and every one of the Released Parties, and shall forever be barred and enjoined, without the necessity of any of the Released Parties posting a bond, from commencing, instituting, prosecuting, or maintaining any of the Released Claims. Upon the Effective Date, and without any further action, Class Representatives further agree not to knowingly and voluntarily assist in any way any third party in commencing or prosecuting any suit against the Released Parties related to any Released Claim. The Release Claim(s) include the release of Unknown Claims. It is further agreed that this Settlement may be pleaded as a complete defense to any proceeding subject to this Paragraph.

## VII.    ADMINISTRATION OF THE SETTLEMENT AND CLASS NOTICE

24.    The Claims Administrator shall provide notice to the Settlement Class Members and administer the Settlement under the Parties' supervision and subject to the exclusive jurisdiction of this Court.

25.    No later than fourteen (14) days after entry of the Preliminary Approval Order, Express Services shall provide the Settlement Class List to the Claims

Administrator. The Settlement Class List shall be used by the Claims Administrator solely for the purpose of performing its obligations pursuant to this Agreement and shall not be used for any other purpose at any time. Except to administer the Settlement as provided for in this Agreement, or to provide all data and information in its possession to the Parties upon request, the Claims Administrator shall not reproduce, copy, store, or distribute in any form, electronic or otherwise, the Settlement Class List.

26.    Dissemination of the Notice shall be accomplished by the Claims Administrator and the Claims Administrator shall comply with the following:

     a.    <u>National Change of Address Search</u>: The Claims Administrator shall cross-check the Settlement Class against the National Change of Address directory to ensure the most recent and accurate addresses are used to disseminate the Notice. Upon receipt of any notice of address or forwarding address, the Claims Administrator shall re-mail any Notice so returned with a forwarding address.

     b.    <u>Settlement Website</u>: Prior to the dissemination of the Notice, the Parties agree to direct the Claims Administrator to create the Settlement Website. The Settlement Website will include the information in the Notice, access to relevant publicly available court documents relating to the Action and provide Participating Settlement Class Members with the ability to make Claims for other Class benefits and allow Participating Settlement Class Members to submit documents to supplement or cure deficient Claims.

     c.    <u>Settlement Toll-Free Number</u>: The Claims Administrator shall establish and maintain a toll-free telephone number with information relevant to this Settlement.

     d.    <u>First Class Mail Notice</u>: Within thirty (30) days of the Preliminary Approval order, the Claims Administrator shall commence the dissemination of the Notice. Notice shall be given by U.S.P.S. mail.

27.    The administration of the Settlement is defined as the approval of the form of notice program and all related forms; initial mailing of the Notice; creation and maintenance of Settlement Website; administration and coordination of the mailing and distribution of codes for Credit Monitoring Services and/or Settlement Payments after final approval of Settlement; day-to-day administration of the Settlement, including responding to Settlement Class Member inquiries; delivery to the Parties of any requests for opt-outs or objections; communication to the Parties about any issues that may arise; and the preparation of an Affidavit of Fairness of the Notice Program to be submitted to the Court with the Motion for Final Approval.

28.     The notice program shall be designed to provide for maximum clarity and ease of Claim submission. Claims may be made by submitting a paper claim form by mail or by filling out an online claim form to be developed by the Claims Administrator.

29.     The Claims Administrator shall inform Class Counsel and Defendant's Counsel regarding all material aspects of the claims process including Claims made, Claims accepted, Claims rejected, and all substantive communications with Settlement Class Members.

30.     Settlement Payments and codes for Credit Monitoring Services for Approved Claims shall be issued, mailed, or emailed after the Effective Date and within thirty (30) days of the Effective Date and/or thirty (30) days of the date that the Claim is approved, whichever is latest.

31.     Negotiating a Settlement Payment is a condition precedent to any Participating Settlement Class Member's right to receive Settlement benefits under Paragraphs 13, 14, 15 and/or 17. All settlement checks shall be void sixty (60) days after issuance and shall bear the language: "This check must be cashed within 60 days of its date, after which time it is void." If a check and/or payment becomes void, the Participating Settlement Class Member shall have an additional thirty (30) days after the date the check and/or payment becomes void to request re-issuance. If no request for re-issuance is made within this period, the Participating Settlement Class Member will have failed to meet a condition precedent to recovery of Settlement benefits under Paragraphs 13, 14, 15 and/or 17, the Settlement Class Member's right to receive monetary relief shall be extinguished, and Express Services shall have no obligation to make payments to the Participating Settlement Class Member for the benefits under Paragraphs 13, 14, 15 and/or 17 or any other type of monetary relief. The same provisions shall apply to any re-issued check. For any checks that are issued or re-issued for any reason more than one hundred eighty (180) days from the Effective Date, requests for re-issuance need not be honored after such checks become void, except for good cause as determined by the Claims Administrator in its professional judgment.

32.     Activating the code(s) for Credit Monitoring Services is a condition precedent to any Participating Settlement Class Member's right to receive Credit Monitoring Services under Paragraph 16. All code(s) for Credit Monitoring Services shall be void sixty (60) days after issuance. If a code for Credit Monitoring Services becomes void, the Participating Settlement Class Member shall have an additional thirty (30) days after the date the code becomes void to request re-issuance. If no request for re-issuance is made within this period, the Participating Settlement Class Member will have failed to meet a condition precedent to recovery of Settlement benefits under Paragraph 16, the Settlement Class Member's right to receive Credit Monitoring Services shall be extinguished, and Express Services shall have no obligation to provide Credit Monitoring Services to the Participating Settlement Class Member under Paragraph 16 or any other

type of relief. The same provisions shall apply to any re-issued code(s). For any code(s) that are issued or re-issued for any reason more than one hundred eighty (180) days from the Effective Date, requests for re-issuance need not be honored after such code(s) become void, except for good cause as determined by the Claims Administrator in its professional judgment.

33.    If the Settlement Administrator is notified that a Participating Settlement Class Member is deceased, the Settlement Administrator is authorized to reissue the Settlement Payment(s) and/or code(s) for Credit Monitoring Services, as applicable, to the Participating Settlement Class Member's estate upon receiving proof that the Participating Settlement Class Member is deceased and after consultation with Class Counsel and Defendant's Counsel.

34.    All Settlement Class Members who fail to timely submit a claim for any benefits hereunder within the time frames set forth within, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments or benefits pursuant to the Settlement set forth within, but will in all other respects be subject to, bound by, the provisions of the Settlement Agreement, the releases contained herein, and the Final Judgment.

35.    No Person shall have any claims against the Claims Administrator, Class Representatives, Class Counsel, Express Services, and/or Express Services' Counsel based on distribution of benefits to Settlement Class Members. Nothing contained herein shall be deemed a release of any claim against the Claims Administrator for its breach of fulfilling its duties due under its administration obligations.

36.    The Parties, Class Counsel, Express Services' Counsel and the Released Parties shall not have any liability whatsoever with respect to (i) any act, omission or determination of the Settlement Administrator, or any of its respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of claims made or benefits available pursuant to this Agreement; (iii) the formulation, design or terms of the disbursement of the claims made or benefits available pursuant to this Agreement; and (iv) the determination, administration, calculation or payment of any claims made pursuant to this Agreement.

37.    The Settlement Administrator shall defend, indemnify and hold harmless the Parties, Class Counsel, Express Services' Counsel and the Released Persons for (i) any act, omission or determination of the Settlement Administrator, or any of its respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of claims made or benefits available pursuant to this Agreement; (iii) the formulation, design or terms of the disbursement of the claims made or benefits available pursuant to this Agreement; and (iv) the

determination, administration, calculation or payment of any claims made pursuant to this Agreement.

## VIII.  OPT-OUT AND OBJECTION PROCEDURES

38.      Under the procedure set forth in the Notice, Settlement Class Members have the right and ability to submit a Request for Exclusion and exclude themselves from the Settlement Class as set forth in the Preliminary Approval Order. In order to validly be excluded from the Settlement, the Settlement Class Member must send a letter to the Claims Administrator postmarked no later than the Opt-Out Date. The Request for Exclusion must include the name of the proceeding, the individual's full name, current address, personal signature, and the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement at the top of the communication. The Notice must state that any Settlement Class member who does not file a timely Request for Exclusion in accordance with this Paragraph will lose the opportunity to exclude his or herself from the Settlement and will be bound by the Settlement as a Participating Settlement Class Member, regardless of whether such individual files a Claim for benefits under this Settlement.

39.      The Claims Administrator shall cause copies of Requests for Exclusion from Settlement Class Members to be provided to Class Counsel and Defendant's Counsel as they are received. No later than ten (10) days after the Opt-Out Date, the Claims Administrator shall provide Class Counsel and Defendant's Counsel with a complete and final list of all known Settlement Class Members who have excluded themselves from the Settlement. Class Counsel shall provide this information to the Court before the Final Fairness Hearing.

40.      Within ten (10) days after receipt of the list of all known Settlement Class Members who have excluded themselves from the Settlement, provided that there have been more than twenty-five (25) Opt-Outs (exclusions), Express Services may, by notifying Class Counsel in writing, void this Agreement.  If Express Services voids the Agreement pursuant to this Paragraph, Express Services shall be obligated to pay all Notice and Administration Expenses already incurred, excluding any attorneys' fees, costs, and expenses of Class Counsel and service awards.

41.      The Notice will inform the Settlement Class Members that they may submit a written objection to the Settlement Administrator postmarked no later than the Objection Date. To be valid, an objection must state: (a) the name of the proceedings; (b) the Settlement Class Member's full name, address, telephone number (if any), and email address (if any); (c) information identifying the objector as a Settlement Class Member; (d) a written statement of all grounds for the objection, accompanied by any legal support or documentation the objector cares to submit; (e) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (f) the

identity of all lawyers (if any) representing the objector; (g) a statement of whether the objector or his/her attorneys intends to appear at the Final Fairness Hearing; (h) a list of all persons who will be called to testify at the Final Fairness Hearing in support of the objection; (i) a list of all other matters in which the objecting Settlement Class Member and/or his/her attorney has lodged an objection to a class action settlement; and (j) the objector's signature.

42.    The Notice will further inform Settlement Class Members that to be considered timely, any valid objection in the appropriate form must be filed with the Clerk of the United States District Court for the Western District of Oklahoma no later than the Objection Date. The Notice will also inform Settlement Class Members that they must mail a copy of their objection to the Settlement Administrator, Class Counsel and Defendant's, postmarked no later than the Objection Date. The Notice must set forth the time and the place of the Final Fairness Hearing (subject to change) and state that any Settlement Class Member who does not file a timely and adequate objection in accordance with this Section waives the right to object or be heard at the Final Fairness Hearing and shall forever be barred from making any objection to the Settlement.

## IX.    DISPUTE RESOLUTION FOR CLAIMS

43.    The Claims Administrator, in its sole discretion to be reasonably exercised, will determine whether a Claim is a valid and complete claim and should be approved under the terms of this Agreement (collectively, "Complete and Plausible"). The Claims Administrator may, at any time, request from the Participating Settlement Class Member, in writing, additional information as the Claims Administrator may reasonably require in order to evaluate the Claim ("Claim Supplementation"), e.g., documentation requested on the Claim Form, information regarding the claimed Ordinary Out-of-Pocket Losses, Extraordinary Out-of-Pocket Losses, and/or Lost Time, available insurance and the status of any claims made for insurance benefits, and claims previously made for identity theft and the resolution thereof.

44.    The Claims Administrator's initial review will be limited to a determination of whether the Claim is Complete and Plausible. For any such Claims that the Claims Administrator determines to be implausible, the Claims Administrator will submit those Claims to counsel for the Parties. If Class Counsel and Defendant's Counsel agree that the Claimant's Claim is Complete and Plausible, then the Claim shall be paid. If the Parties agree that the Claim is incomplete and/or implausible, it shall be denied. If the Parties do not agree, after meeting and conferring, then the Claim shall be referred to a mediator pursuant to agreement between the Parties (the "Claims Referee"), for resolution.

45.    Upon receipt of an incomplete or unsigned Claim Form or a Claim Form that is not accompanied by sufficient documentation to determine whether the Claim is Complete and Plausible, the Claims Administrator shall request Claim Supplementation

and give the Claimant twenty-one (21) days to cure the defect before rejecting the Claim. Requests for Claim Supplementation shall be made within thirty (30) days of receipt of such claim form or thirty (30) days from the Effective Date, whichever comes later. In the event of unusual circumstances interfering with compliance during the 30-day period, the Claimant may request and, for good cause shown (illness, military service, out of the country, mail failures, lack of cooperation of third parties in possession of required information, etc.), shall be given a reasonable extension of the deadline in which to comply; however, in no event shall the deadline be extended to later than one year from the Effective Date. If the defect is not cured, then the Claim will be deemed invalid and there shall be no obligation to pay the Claim.

46.     Following receipt of additional information requested by the Claims Administrator, the Claims Administrator shall have seven (7) days to accept, in whole or lesser amount, or reject each Claim. If, after reviewing the Claim and all documentation submitted by the Claimant, the Claims Administrator determines that such a Claim is Complete and Plausible, then the Claim shall be paid. If the Claim is not Complete and Plausible because the Claimant has not provided all information needed to complete the claim form and evaluate the Claim, then the Settlement Administrator may reject the Claim. If the Claim is rejected in whole or in part, for other reasons, then the Claim shall be referred to counsel for the Parties. If Class Counsel and Defendant's Counsel agree that the Claimant's Claim is incomplete and/or implausible then no further action shall be taken. If the Parties agree that the Claimant's Claim is Complete and Plausible then the Claim shall be paid. If the Parties do not agree, after meeting and conferring, then the Claim shall be referred to the Claims Referee for resolution. Once a final determination regarding a Claim has been made, notice will be sent to the Claimant by the Claims Administrator regarding whether the Claim has been accepted, in whole or lesser amount, or rejected.

47.     Participating Settlement Class Members shall have ten (10) days from receipt of the offer to accept or reject any offer of partial payment received from the Claims Administrator. If a Participating Settlement Class Member rejects an offer from the Claims Administrator, the Claims Administrator shall have seven (7) days to reconsider its initial adjustment amount and make a final determination. If the Claimant approves the final determination, then the approved amount shall be the amount to be paid. If the Claimant does not approve the final determination within ten (10) days, then the dispute will be submitted to the Parties within an additional ten (10) days.

48.     If any dispute cannot be resolved by the Parties and is submitted to the Claims Referee, the Claims Referee may approve the Claims Administrator's determination by making a ruling within fifteen (15) days. Alternatively, the Claims Referee may make any other final determination of the dispute or request further supplementation of a Claim within thirty (30) days. The Claims Referee's determination shall be based on whether the Claims Referee is persuaded that the claimed amounts are reasonably supported in fact and were more likely than not caused by the Incident. The Claims Referee shall have the power

21

to approve a Claim in full or in part. The Claims Referee's decision will be final and non-appealable. Any Claimant referred to the Claims Referee shall reasonably cooperate with the Claims Referee, including by either providing supplemental information as requested or, alternatively, signing an authorization allowing the Claims Referee to verify the Claim through third party sources, and failure to cooperate shall be grounds for denial of the Claim in full. The Claims Referee shall make a final decision within thirty (30) days of receipt of all supplemental information requested.

## X.    NOTICE AND ADMINISTRATION EXPENSES

49.    All costs of notice and administration, including without limitation, the fees and expenses of the Claims Administrator and Claims Referee, shall be paid separately by Express Services directly to the Claims Administrator, Claims Referee, or other party.

## XI.    ATTORNEYS' FEES, COSTS, EXPENSES, AND INCENTIVE AWARDS

50.    Plaintiffs will move the Court for a Fee Award and Costs not to exceed Two Hundred Twenty-Two Thousand Five Hundred Dollars and Zero Cents ($222,500.00), which Express Services will not oppose.

51.    Unless otherwise ordered by the Court, Class Counsel shall have the sole and absolute discretion to allocate any approved Fee Award and Costs amongst Class Counsel and any other attorney(s) for Plaintiffs. Express Services and the Released Parties shall have no liability or any other responsibility for allocation of any such attorneys' fees and costs.

52.    Plaintiffs will also move the Court for an order awarding Service Award Payments not to exceed Three Dollars and Zero Cents ($3,000.00) per Plaintiff, or Nine Thousand Dollars and Zero Cents ($9,000.00) total, which Express Services will not oppose.

53.    Any Fee Award and Costs and Service Awards awarded by the Court shall be paid within thirty (30) days after the Effective Date of Settlement or Defendant's Counsel's receipt of a completed IRS Form W-9 for Class Counsel and Plaintiffs, whichever is later.

54.    The amount(s) of any Fee Award and Costs and/or Service Award Payments are intended to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. Class Counsel will file an application for Fee Award and Costs and Service Award Payments within forty-five (45) days after the Notice Date. Class Counsel shall provide Express Services' Counsel with a draft of the motion for attorneys' fees, costs and expenses and service awards before filing and provide the opportunity for review and comment.

55.     No order of the Court, or modification or reversal or appeal of any order of the Court, concerning the amount(s) of Fee Award and Costs and/or Service Award Payments ordered by the Court to the Class Counsel or Class Representatives shall affect whether the Settlement becomes effective and final or constitute grounds for cancellation or termination of this Settlement Agreement, except that the payment of the attorneys' fees, costs, and expenses, as agreed to in this Section, will not be paid until any appeal or other review proceeding regarding the attorneys' fees, costs, and expenses has been resolved.

## XII.    PRELIMINARY APPROVAL OF SETTLEMENT

56.     Within ten (10) business days after the execution of the Settlement Agreement, Class Counsel shall submit this Settlement Agreement to the Court and file a Motion for Preliminary Approval of the Settlement with the Court requesting entry of the Preliminary Approval Order attached to Plaintiffs' Motion for Preliminary Approval, which is attached hereto as **Exhibit D**, requesting, *inter alia*:

   a.  Certification of the Settlement Class for settlement purposes only;
   b.  Preliminary approval of the Settlement Agreement as set forth herein;
   c.  Appointment of Class Counsel as counsel for the Settlement Class;
   d.  Appointment of Class Representatives as representatives for the Settlement Class;
   e.  Approval of the form and content of the Notice as contemplate by this Agreement;
   f.  Appointment of a Claims Administrator as jointly agreed by the Parties.

57.     Class Counsel shall provide Express Services' Counsel with a draft of the Motion for Preliminary Approval before filing and provide the opportunity to review and comment. Express Services and Express Services' Counsel shall cooperate with Class Counsel to obtain preliminary approval of the Settlement consistent with the terms herein.

## XIII.    FINAL JUDGMENT

58.     If the Preliminary Approval Order is entered by the Court, Class Counsel will move the Court, within the time frames contemplated by the Preliminary Approval Order, for entry of an Order and Final Judgment, substantially similar to the form attached hereto as **Exhibit E**.

59.     Class Counsel shall provide Express Services' Counsel with a draft of the Motion for Final Approval before filing and provide the opportunity to review and comment. Express Services and Express Services' Counsel shall cooperate with Class Counsel to obtain final approval of the Settlement consistent with the terms herein.

# XIV.  TERMINATION

60.      The Parties shall each have the right to terminate this Agreement by providing written notice of their election to do so to each other within seven (7) days of: (1) the Court declining to enter the Preliminary Approval Order in a form materially consistent with this Agreement and indicating that it would not enter a Preliminary Approval if the Parties make revisions that were materially consistent with this Agreement; (2) the Settlement Court declining to enter an Order and Final Judgment in a form materially consistent with this Agreement (other than determining, in the Settlement Court's sole discretion, the amount of the attorneys' fees and expenses award and service awards in accordance with this Agreement) and indicating that it would not enter an Order and Final Judgment if the Parties make revisions that were materially consistent with this Agreement; (3) the date upon which the Order and Final Judgment is modified or reversed in any material respect by any appellate court, which indicates that the Settlement cannot be approved if the Parties make revisions that are materially consistent with this Agreement (except with respect to the amount of the attorneys' fees and expenses or service awards); (4) Express Services' receipt of more than twenty-five (25) Opt-Outs (exclusions) after the Opt-Out Deadline from the Settlement Administrator, which right may be exercised solely by Express Services as set forth in this Agreement; or (5) the mutual agreement of Plaintiffs and Express Services to terminate this Agreement.  If an option to terminate this Agreement arises under this Paragraph, no Party is required for any reason or under any circumstance to exercise that option. Notwithstanding any statement in this Agreement to the contrary, no order of the Court or modification or reversal on appeal of any order on Plaintiff's application for Fee Award and Costs and/or Service Award Payments shall constitute grounds for cancellation or termination of the Agreement.

61.      In the event any of the parties exercise the right to termination enumerated in Paragraph 60, then (a) the Parties shall be restored to their respective positions in the Action and shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel; and (b) the terms and provisions of the Settlement Agreement and statements made in connection with seeking approval of the Agreement shall have no further force and effect with respect to Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, nunc pro tunc.

# XV.  NO ADMISSION OF WRONGDOING OR LACK OF MERIT

62.      The terms of this Settlement (whether the Settlement becomes final or not), the negotiations leading up to this Settlement, the fact of the Settlement, and the proceedings taken pursuant to the Settlement, shall not: (a) be construed as an admission of liability or an admission of any claim or defense on the part or any Party, in any respect; (b) form the basis for any claim of estoppel by any third-party against any of the Released

Parties; or (c) be admissible in any action, suit, proceeding, or investigation as evidence, or as an admission of any wrongdoing or liability whatsoever by any Party, or as evidence of the truth of any of the claims or allegations contained in the Complaint.

## XVI.   MISCELLANEOUS PROVISIONS

63.     This Agreement, including the exhibits hereto, contains an entire, complete, and integrated statement of each and every term and provision agreed to by and between the Parties hereto, and supersedes any prior oral or written agreements and contemporaneous oral agreements among the Parties. All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

64.     The Parties to the Settlement intend and agree that the Settlement is a final and complete resolution of all disputes related to the Action by the Class Representatives and the Participating Settlement Class Members.

65.     The Parties agree that the benefits provided herein, and the other terms of the Settlement were negotiated at arm's length in good faith by the Parties to the Settlement with the assistance of an experienced and independent mediator and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

66.     The terms and provisions of this Agreement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however, that, after entry of the Preliminary Approval Order, the Parties may, by written agreement, effect such amendments, modifications, or expansions of this Agreement and its implementing documents (including all exhibits hereto) without further notice to the Settlement Class or approval by the Court if such changes are consistent with the Court's Preliminary Approval Order and do not materially alter, reduce, or limit the rights of Settlement Class Members under this Agreement.

67.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

68.     The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice and the Settlement Administrator. As part of its agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

69.    The Settlement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument, provided that counsel for the Parties to the Settlement shall exchange among themselves original signed counterparts. Electronically transmitted signatures are valid signatures as of the date thereof.

70.    The construction, interpretation, operation, effect, and validity of the Settlement, and all documents necessary to effectuate it, shall be governed by the laws of the State of Oklahoma. The Parties understand and agree that any disputes arising out of the Settlement shall be governed and construed by and in accordance with the laws of the State of Oklahoma.

71.    The Settlement shall not be construed more strictly against one Party to the Settlement than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that the Settlement is the result of arm's-length negotiation between the Parties to the Settlement, and all Parties to the Settlement have contributed substantially and materially to the preparation of the Settlement.

72.    Any and all counsel and Parties to the Settlement who execute the Settlement and any of the exhibits hereto, or any related Settlement documents, represent that they have reviewed and understand those documents and have the full authority to execute the Settlement, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Settlement to effectuate its terms.

73.    Plaintiffs represent and warrant that they have not assigned or transferred any interest in the Action, which is the subject of this Agreement, in whole or in part. Plaintiffs acknowledge that they have been represented by counsel of their choosing in the Action and the negotiation and execution of this Agreement, that they fully understand this Agreement, and that they have had a reasonable and sufficient opportunity to consult with counsel before executing this Agreement.

74.    The provisions of this Agreement, and any orders, pleadings or other documents entered in furtherance of this Agreement, may be offered or received in evidence solely (i) to enforce the terms and provisions hereof or thereof, (ii) as may be specifically authorized by a court of competent jurisdiction after hearing upon application of a Party hereto, (iii) in order to establish payment or a defense in a subsequent case, including res judicata, or (iv) to obtain Court approval of this Agreement.

75.    This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto.

76.     In the event any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision if the Parties mutually elect to proceed as if such invalid, illegal or unenforceable provision had never been included in the Agreement.

77.     In the event any date or deadline set forth in this Agreement falls on a weekend or federal or state legal holiday, such date or deadline shall be on the first business day thereafter.

78.     As used in this Agreement, all references to the plural shall also mean the singular and to the singular shall also mean the plural whenever the context so indicates.

79.     Express may communicate with the Settlement Class Members in the ordinary course of its business. Express will refer inquiries regarding this Agreement and the administration of the Settlement to the Settlement Administrator and/or Class Counsel.

**IN WITNESS WHEREOF**, the Parties have, through their respective counsel, executed this Settlement Agreement as of the date first written above.

## <u>SIGNATURES OF THE PARTIES</u>

**KURTIS SABO**

Dated: ___07/31/2025_____

_Kurtis Sabo (Jul 31, 2025 13:08:42 CDT)_

**RUSSELL KARLI**

Dated: _____

_____

**KRISTIN LUNSFORD**

Dated: __7/28/2025_____

Signed by:
AA30046DAC00409...

76.    In the event any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision if the Parties mutually elect to proceed as if such invalid, illegal or unenforceable provision had never been included in the Agreement.

77.    In the event any date or deadline set forth in this Agreement falls on a weekend or federal or state legal holiday, such date or deadline shall be on the first business day thereafter.

78.    As used in this Agreement, all references to the plural shall also mean the singular and to the singular shall also mean the plural whenever the context so indicates.

79.    Express may communicate with the Settlement Class Members in the ordinary course of its business. Express will refer inquiries regarding this Agreement and the administration of the Settlement to the Settlement Administrator and/or Class Counsel.

**IN WITNESS WHEREOF**, the Parties have, through their respective counsel, executed this Settlement Agreement as of the date first written above.

## <u>SIGNATURES OF THE PARTIES</u>

**KURTIS SABO**

Dated: _____

_____

**RUSSELL KARLI**

Dated: _08/18/25_____

Russell Karli (Aug 18, 2025 13:55:58 CDT)

**KRISTIN LUNSFORD**

Dated: _____

_____

**FEDERMAN & SHERWOOD**

Dated: August 19, 2025

BY: William B. Federman

TITLE: Managing Partner

**EXPRESS SERVICES, INC.**

Dated: August 4, 2025

BY: Russell Lissuzzo

TITLE: EXecutive Vice President

**GORDON REES SCULLY MANSUKHANI, LLP (AS TO FORM ONLY)**

Dated: August 1, 2025

BY: John T. Mills

TITLE: Partner

# EXHIBIT A

**Your claim must be submitted online or postmarked by: [Claims Deadline]**

*In re Express Services, Inc. Data Breach Litigation*
Case No. 5:24-cv-00974
United States District Court for the Western District of Oklahoma

**Your claim must be submitted online or postmarked by: [Claims Deadline]**

**DATA INCIDENT SETTLEMENT CLAIM FORM**

---

## GENERAL INSTRUCTIONS

**Who is eligible to file a claim?** The court has defined the Class this way: "All Persons whose Private Information was potentially compromised as a result of the Incident."

**Excluded from the Settlement Class** are: (1) the Judge assigned to evaluate the fairness of this Settlement; (2) anyone who validly excludes themselves from the Settlement; and (3) other person found by a court of competent jursidiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

**COMPLETE THIS CLAIM FORM IF YOU ARE A CLASS MEMBER AND WISH TO RECEIVE ONE OR MORE OF THE FOLLOWING SETTLEMENT BENEFITS**

---

## AVAILABLE BENEFITS

Express Services has agreed to pay for a number of different benefits. All Class Members may enroll in three years of **Credit Monitoring Services** and **one** of two **Cash Payment** options:

| | |
|---|---|
| **OPTION 1:** Select one or more of the following reimbursement payments: <br>• Documented Ordinary Out-of-Pocket Losses <br>• Documented Extraordinary Out-of-Pocket Losses <br>• Lost Time | **OPTION 2:** Alternative Cash Payment. <br>• Receive a one-time $75.00 cash payment |

*OR*

The benefits are explained below.

**CREDIT MONITORING SERVICES**

Additionally, all Class Members are eligible to enroll in three years of Credit Monitoring Services from by a credit bureau. This benefit comes with $1 million in identity theft insurance, and includes:

- real time monitoring of your credit file
- dark web scanning
- comprehensive public records monitoring

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

<table>
<tr><td>Your claim must<br>be submitted<br>online or<br>postmarked by:<br>[Claims Deadline]</td><td><i>In re Express Services, Inc. Data Breach Litigation</i><br>Case No. 5:24-cv-00974<br>United States District Court for the Western District of Oklahoma<br><br>**DATA INCIDENT SETTLEMENT CLAIM FORM**</td><td>Your claim must<br>be submitted<br>online or<br>postmarked by:<br>[Claims Deadline]</td></tr>
</table>

## CASH PAYMENT OPTIONS

**Option 1:** You may select one or more of the following payments if they apply to you.

**Ordinary Out-of-Pocket Losses.** If you incurred actual, <u>documented</u> out-of-pocket losses due to the Data Incident, you can bet back up to **$800.00**. The losses must have occurred between May 7, 2024, and [Claims Deadline].

This benefit covers out-of-pocket expenses like:

- fees for credit reports, credit monitoring, or freezing and unfreezing your credit
- cost to replace your IDs
- postage to contact banks by mail

You need to send proof, like receipts, to show how much you spent or lost. You can also send notes or papers you made yourself to explain or support other proof, but those notes or papers alone <u>are not enough</u> to make a valid claim.

**Extraordinary Out-of-Pocket Losses.** If you incurred actual, <u>documented</u> out-of-pocket losses due to the Data Incident that are not covered by the Ordinary Out-of-Pocket Losses category above (for example, you lost money because of identity theft or fraud), you can get back up to **$5,000.00**.

You will need to show that:

- the theft or fraud was probably caused by the Data Incident
- the losses are not already covered by **Ordinary Out-of-Pocket Losses**
- you tried to prevent the loss or get your money back, such as by using insurance you already have

The losses must have occurred between May 7, 2024, and [Claims Deadline].

You need to send proof, like receipts, to show how much you spent or lost. You can also send notes or papers you made yourself to explain or support other proof, but those notes or papers alone <u>are not enough</u> to make a valid claim.

**Lost Time.** Class Members who spent time dealing with the Data Incident may claim up to four hours, at $25.00 per hour, for a maximum of **$100.00**.

You must have spent the time on tasks related to the  Data Incident. Some examples include things like:

- changing your passwords
- investigating suspicious activity in your accounts
- researching the  Data Incident

You must briefly describe how you spent this time.

If you are also claiming an **Ordinary Out-of-Pocket Losses** payment, the combined total is capped at $800.00.

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

<table>
<tr>
<td>Your claim must<br>be submitted<br>online or<br>postmarked by:<br>**[Claims Deadline]**</td>
<td style="text-align:center">*In re Express Services, Inc. Data Breach Litigation*<br>Case No. 5:24-cv-00974<br>United States District Court for the Western District of Oklahoma<br><br>**DATA INCIDENT SETTLEMENT CLAIM FORM**</td>
<td>Your claim must<br>be submitted<br>online or<br>postmarked by:<br>**[Claims Deadline]**</td>
</tr>
</table>

**Option 2:** **Alternative Cash Payment.** Instead of any of the benefits in Option 1, you may claim a one-time cash payment of **$75.00.** You do not have to provide any proof or explanation to claim this payment. If you claim this payment you are still eligible to claim credit monitoring services.

If you have questions about these benefits, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@[SettlementWebsite].com
- Call toll free, 24/7: 1-XXX-XXX-XXXX
- By mail: Express Services Data Incident Settlement, c/o Settlement Administrator, [PO Box Number], Santa Ana, CA 92799-9958.

**THE EASIEST WAY TO SUBMIT YOUR CLAIMS IS ONLINE AT**
**www.[SettlementWebsite].com**

You may also print out and complete this Claim Form, and submit it by U.S. mail to:

Express Services Data Incident Settlement
c/o Settlement Administrator
[PO Box Number]
Santa Ana, CA 92799-9958

An electronic image of the completed Claim Form can also be emailed to info@[SettlementWebsite].com

You must submit online, mail, or email your Claim Form by **[Claims Deadline]**.

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

<table>
<tr><td>Your claim must be submitted online or postmarked by:<br>[Claims Deadline]</td><td>**In re Express Services, Inc. Data Breach Litigation**<br>Case No. 5:24-cv-00974<br>United States District Court for the Western District of Oklahoma<br><br>**DATA INCIDENT SETTLEMENT CLAIM FORM**</td><td>Your claim must be submitted online or postmarked by:<br>[Claims Deadline]</td></tr>
</table>

## I. CLASS MEMBER NAME AND CONTACT INFORMATION

Print your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this claim form.  All fields are required. **Please print legibly.**

First Name

Last Name

Street Address

City

State

Zip Code

Email Address

Phone Number

Notice ID (if known)

## II. CREDIT MONITORING SERVICES

☐ Check this box if you would like to enroll in three years of Credit Monitoring by a credit bureau.

## III. ORDINARY OUT-OF-POCKET LOSSES

☐ Check this box if you would like to claim reimbursement for <u>documented</u> ordinary out-of-pocket losses. You can get back up to $800.00.

*Please complete the table below, describing the supporting documentation you are submitting.*

| Description of Documentation Provided | Amount |
|---|---|
| *Example: Fee for credit report* | *$40* |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
| TOTAL CLAIMED: |  |

If you have more expenses than rows, you may attach additional sheets of paper to account for them. Please print your name and sign the bottom of each additional sheet of paper.

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

*In re Express Services, Inc. Data Breach Litigation*
Case No. 5:24-cv-00974
United States District Court for the Western District of Oklahoma

**DATA INCIDENT SETTLEMENT CLAIM FORM**

## IV. EXTRAORDINARY OUT-OF-POCKET LOSSES

☐ Check this box if you would like to claim reimbursement for <u>documented</u> extraordinary out-of-pocket losses. You can get back up to $5,000.00.

*Please complete the table below, describing the supporting documentation you are submitting.*

| Description of Documentation Provided | Amount |
|---|---|
| *Example: Unauthorized bank transfer* | *$500* |
| | |
| | |
| | |
| | |
| | |
| **TOTAL CLAIMED:** | |

If you have more expenses than rows, you may attach additional sheets of paper to account for them. Please print your name and sign the bottom of each additional sheet of paper.

## V. LOST TIME

If you spent time dealing with the Data Incident, please select how many hours (up to four) you spent. You must briefly describe how you spent this time.

I spent (select only <u>**one**</u>): ☐ 1 hour ($25.00)     ☐ 2 hours ($50.00)     ☐ 3 hours ($75.00)
☐ 4 hours ($100.00)

Describe what you spent this time on: _____

_____

_____

_____

_____

If you claim Ordinary Out-of-Pocket Losses (Section III, above), the combined total is capped at $800.00

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

<table>
<tr><td>

**Your claim must be submitted online or postmarked by:**
[**Claims Deadline**]

</td><td>

*In re Express Services, Inc. Data Breach Litigation*
Case No. 5:24-cv-00974
United States District Court for the Western District of Oklahoma

**DATA INCIDENT SETTLEMENT CLAIM FORM**

</td><td>

**Your claim must be submitted online or postmarked by:**
[**Claims Deadline**]

</td></tr>
</table>

## VI.  ALTERNATIVE CASH PAYMENT

☐  Check this box if you want to claim a one-time $75.00 cash payment.

**DO NOT CLAIM THIS BENEFIT IF YOU ARE CLAIMING PAYMENTS FROM SECTION III, IV, OR V.**

## VII.  PAYMENT SELECTION

Please select **one** of the following payment options, which will be used if you are claiming a cash payment.

☐  **PayPal**
Email address, if different than you provided in Section 1:_____

☐  **Venmo**
Mobile number, if different than you provided in Section 1:_____

☐  **Zelle**
Email address or mobile number, if different than you provided in Section 1:_____

☐  **Virtual Prepaid Card**
Email address, if different than you provided in Section 1:_____

☐  **Physical Check**
Payment will be mailed to the address provided in Section 1.

## VII.  ATTESTATION & SIGNATURE

I swear and affirm on penalty of perjury that the information provided in this Claim Form, and any supporting documentation, is true and correct to the best of my knowledge. I understand that my claim is subject to verification and that I may be asked to provide supplemental information by the Settlement Administrator before my claim is considered complete and valid.

_____          _____          _____
Signature                                          Printed Name                                          Date

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

# EXHIBIT B

Express Services Data Incident Settlement
c/o Settlement Administrator
P.O. Box _____
Santa Ana, CA 92799-9958

*In re Express Services, Inc.*
*Data Breach Litigation*
Case No. 5:24-cv-00974

First-Class
Mail
US Postage
Paid
Permit #__

---

**IF YOUR PRIVATE INFORMATION WAS COMPROMISED IN THE MAY 2024 EXPRESS SERVICES DATA INCIDENT, A PROPOSED CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS, AND ENTITLE YOU TO BENEFITS AND A CASH PAYMENT.**

For more information about the proposed class action settlement, including how to submit a claim, exclude yourself, or submit an objection, please visit www.[SettlementWebsite].com or call toll-free **1-XXX-XXX-XXXX**

*A court has authorized this Notice.*
*This is not a solicitation from a lawyer.*
*You are not being sued.*

«Barcode»

Postal Service: Please do not mark barcode

Claim #: XXX- «LoginID» - «MailRec»
«First1» «Last1»
«Addr1» «Addr2»
«City», «St» «Zip»
«Country»

### Why am I receiving this notice?

A Settlement has been reached with Express Services, Inc. ("Express Services") in a class action lawsuit. The case is about the May 2024 cyberattack on Express Services' computers (the "Data Incident"). Express Services denies that it did anything wrong, and the Court has not decided who is right. The parties have agreed to settle the lawsuit ("Settlement") to avoid the risks, disruption, and uncertainties of continued litigation. A copy of the Settlement is available at www.[SettlementWebsite].com.

### Who is included in the Settlement?

The Court has defined the class as: "All Persons whose Private Information was potentially compromised as a result of the Incident."

The Court has appointed an experienced attorney, called "Class Counsel," to represent the Class.

### What are the Settlement benefits?

All Class Members can enroll in three years of **Credit Monitoring Services** and **one** of two **Cash Payment** options. **Option 1**: you can claim one or more of the following: (1) if you have documented losses you can get back up to **$800** for ordinary out-of-pocket losses and up to **$5,000** for extraordinary out-of-pocket losses. (2) If you spent time dealing with the incident, you can get back $25/hour for up to 4 hours (up to **$100**). **Option 2**: *instead of any other cash payments*, you can get a one-time **$75** payment.

Full details and instructions are at www.[SettlementWebsite].com.

### How do I receive a benefit?

To enroll in Credit Monitoring Services and/or claim the one-time $75 payment, simply complete the attached Claim Form. Tear at perforation, and return by U.S. Mail. Postage is already paid. To submit any other claim, visit www.[SettlementWebsite].com or call **1-XXX-XXX-XXXX**. **Claims must be submitted online or postmarked by [Claims Deadline]**. Claims for reimbursement of ordinary or extraordinary out-of-pocket losses require documentation and must be submitted on the settlement website.

### What if I don't want to participate in the Settlement?

If you do not want to be part of the Settlement, you must exclude yourself by **[Opt-Out Deadline]** or you will not be able to sue Express Services for the claims made in *this* lawsuit. If you exclude yourself, you cannot get benefits from this Settlement. If you want to object to the Settlement, you may file an objection by **[Objection Deadline].** The Settlement Agreement, available at www.[SettlementWebsite].com, explains how to exclude yourself or object.

### When will the Court approve the Settlement?

The Court will hold a hearing in this case on **[FA Hearing Date]** at the **[Court Address]**, to consider whether to approve the Settlement. The Court will also consider Class Counsel's request for attorney's fees and costs of up to $222,500, and $3,000 for each of the Plaintiffs. You may attend the hearing at your own cost, but you do not have to.

**THIS NOTICE IS ONLY A SUMMARY.**
**VISIT WWW.[SETTLEMENTWEBSITE].COM**
**OR SCAN THIS QR CODE**
**FOR COMPLETE INFORMATION.**





NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

# BUSINESS REPLY MAIL
FIRST-CLASS MAIL    PERMIT NO 47    COSTA MESA  CA

POSTAGE WILL BE PAID BY ADDRESSEE

**Express Services Data Incident Settlement**
 **c/o Settlement Administrator**
**P.O. Box [PO Box Number]**
**Santa Ana, CA  92799-9958**

**Express Services Data Incident Settlement**

《First1》 《Last1》
《Addr1》 《Addr2》
《City》, 《St》 《Zip》

*Complete this Claim Form, tear at perforation, and return
by U.S. Mail no later than **[Claims Deadline]**.*

*Only one Claim Form per Class Member.*

Login ID: 《LoginID》
PIN: 《PIN》

☐　Check this box to enroll in three years of Credit Monitoring Services

☐　Check this box to claim a one-time $75.00 Alternative Payment.

If you spent time dealing with the Data Incident, please select how many hours (up to 4) you spent. You must briefly describe how you spent this time. You **cannot** claim both an Alternative Cash Payment and Lost Time.

☐ 1 Hour　　　　☐ 2 Hours　　　　☐ 3 Hours　　　　☐ 4 Hours

Description: _____

**How would you like to be paid:**

Check **_one_**: ☐ PayPal ☐ Venmo ☐ Zelle ☐ Virtual Prepaid Card ☐ Check (sent to above address)If you have selected a digital payment option please provide your email address below. Please **PRINT** your email address **LEGIBLY** and doublecheck that it is correct:_____

*To submit a claim for ordinary out-of-pocket losses or extraordinary out-of-pocket losses you must visit the settlement website. You **must** notify the Claims Administrator if your contact information is different from what is shown above, or changes after you submit this form.*

# EXHIBIT C

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*In re Express Services, Inc. Data Breach Litigation*
Case No. 5:24-cv-00974
United States District Court for the Western District of Oklahoma

**IF YOUR PRIVATE INFORMATION WAS COMPROMISED IN THE MAY 2024 <u>EXPRESS SERVICES</u> DATA INCIDENT
A PROPOSED CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS, AND ENTITLE YOU TO BENEFITS AND A <u>CASH PAYMENT</u>.**

*A court has authorized this notice. This is not a solicitation from a lawyer.*
*You are not being sued.*
***Please read this Notice carefully and completely.***

- A Settlement has been reached with Express Services, Inc. ("Express Services" or "Defendant") in a class action lawsuit. This case is about the targeted cyberattack on Express Services' computer systems that occurred in May 2024 (the "Data Incident"). The files that may have been impacted in the Data Incident contained personal information such as names; Social Security numbers; driver's license numbers; financial information; medical information; and health insurance information.

- The lawsuit is called *In re Express Services, Inc. Data Breach Litigation*, Case No. 5:24-cv-00974. It is pending in the United States District Court for the Western District of Oklahoma (the "Litigation").

- Express Services denies that it did anything wrong, and the Court has not decided who is right.

- The parties have agreed to settle the lawsuit (the "Settlement") to avoid the costs and risks, disruptions, and uncertainties of continuing the Litigation.

- Express Services' records indicate that you are a Class Member, and entitled to benefits under the Settlement. You may have received a previous notice directly from Express Services.

- Your rights are affected whether you act or don't act. ***Please read this Notice carefully and completely.***

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **SUBMIT A CLAIM** | The only way to receive benefits from this Settlement is by submitting a valid and timely Claim Form.<br><br>The fastest way to submit your Claim Form is online at www.[SettlementWebsite].com. If you prefer, you can download the Claim Form from the Settlement Website and mail it to the Settlement Administrator. You may also call or email the Settlement Administrator to receive a paper copy of the Claim Form. | **_____, 2025** |
| **OPT OUT OF THE SETTLEMENT** | You can choose to opt out of the Settlement and receive no payment. This option allows you to sue, continue to sue, or be part of another lawsuit against the Defendants related to the legal claims resolved by this Settlement. You can hire your own lawyer at your own expense. | **_____, 2025** |
| **OBJECT TO THE SETTLEMENT AND/OR ATTEND A HEARING** | If you do not opt out of the Settlement, you may object to it by writing to the Court about why you don't like the Settlement. You may also ask the Court for permission to speak about your objection at the Final Approval Hearing. If you object, you may also file a claim for Settlement benefits. | **_____, 2025** |
| **DO NOTHING** | Unless you opt out of the Settlement, you are automatically part of the Settlement. If you do nothing, you will not receive benefits from this Settlement and you will give up the right to sue, continue to sue, or be part of another lawsuit against the Defendant related to the legal claims resolved by this Settlement. | No Deadline |

- These rights and options—**and the deadlines to exercise them—**are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement.

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION ......................................................................................... 3
WHO IS IN THE SETTLEMENT ........................................................................... 4
THE SETTLEMENT BENEFITS ............................................................................ 4
SUBMITTING A CLAIM FORM FOR SETTLEMENT BENEFITS ............................ 6
THE LAWYERS REPRESENTING YOU ............................................................... 6
EXCLUDING YOURSELF FROM THE SETTLEMENT .......................................... 7
COMMENTING ON OR OBJECTING TO THE SETTLEMENT ............................... 8
THE COURT'S FINAL APPROVAL HEARING ...................................................... 9
IF I DO NOTHING ............................................................................................... 9
GETTING MORE INFORMATION ........................................................................ 9

# Basic Information

### 1. Why was this Notice issued?

The United States District Court for the Western District of Oklahoma, authorized this Notice. You have a right to know about the proposed Settlement of this class action lawsuit, and about all of your options, before the Court decides whether to grant final approval of the Settlement. This Notice explains the lawsuit, your legal rights, what benefits are available, and who can receive them.

The lawsuit is called *In re Express Services, Inc. Data Breach Litigation*, Case No. 5:24-cv-00974. It is pending in the United States District Court for the Western District of Oklahoma. The people that filed this lawsuit are called the "Plaintiffs" (or "Class Representatives") and the company they sued, Express Services, Inc., is called the "Defendant."

### 2. What is this lawsuit about?

This lawsuit alleges that during the May 2024, targeted cyberattack on Express Services' computer systems, and that the files that may have been impacted in the Data Incident contained personal information such as names; Social Security numbers; driver's license numbers; financial information; medical information; and health insurance information.

### 3. What is a class action?

In a class action, one or more individuals sue on behalf of other people with similar claims. These individuals are called the "Plaintiffs" or "Class Representatives." Together, the people included in the class action are called a "Class" or "Class Members." One court resolves the lawsuit for all Class Members, except for those who opt out from the settlement. In this Settlement, the Class Representatives are Kurtis Sabo, Russell Karli, and Kristin Lunsford. Everyone included in this Action are the Class Members.

### 4. Why is there a Settlement?

The Court did not decide whether the Plaintiffs or the Defendant are right. Both sides have agreed to a Settlement to avoid the costs and risks of a trial, and to allow the Class Members to receive benefits from the Settlement. The Plaintiffs and their attorney think the Settlement is best for all Class Members.

3

Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com

# Who is in the Settlement?

## 5. Who is included in the Settlement?

The court has defined the Class this way: "All Persons whose Private Information was potentially compromised as a result of the Incident."

## 6. Are there exceptions to being included?

Yes. Excluded from the Class are: (1) the Judge assigned to evaluate the fairness of this Settlement; (2) anyone who validly excludes themselves from the Settlement; and (3)  other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

If you are not sure whether you are a Class Member, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@[SettlementWebsite].com
- Call toll free, 24/7: 1-XXX-XXX-XXXX
- By mail: Express Services Data Incident Settlement, c/o Settlement Administrator, [PO Box Number], Santa Ana, CA 92799-9958.

You may also view the Settlement Agreement at www.[SettlementWebsite].com.

# The Settlement Benefits

## 7. What does the Settlement provide?

Express Services has agreed to pay for a number of different benefits. All Class Members may enroll in three years of **Credit Monitoring Services** and **one** of two **Cash Payment** options:

| | | |
|---|---|---|
| **OPTION 1:** Select one or more of the following reimbursement payments:<br>• Documented Out-of-Pocket Losses<br>• Documented Extraordinary Losses<br>• Lost Time | *OR* | **OPTION 2:** Alternative Cash Payment.<br>• Receive a one-time $75.00 cash payment |

The benefits are explained below.

**CREDIT MONITORING SERVICES**

All Class Members are eligible to enroll in three years of Credit Monitoring Services from by a credit bureau. This benefit comes with $1 million in identity theft insurance, and includes:

- real time monitoring of your credit file
- dark web scanning
- comprehensive public records monitoring

4

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

**CASH PAYMENT OPTIONS**

<u>Option 1:</u> You may select one or more of the following payments if they apply to you.

**Ordinary Out-of-Pocket Losses.** If you incurred actual, <u>documented</u> out-of-pocket losses due to the Data Incident, you can get back up to **$800.00**. The losses must have occurred between May 7, 2024, and [Claims Deadline].

This benefit covers out-of-pocket expenses like:

- fees for credit reports, credit monitoring, or freezing and unfreezing your credit
- cost to replace your IDs
- postage to contact banks by mail

You need to send proof, like receipts, to show how much you spent or lost. You can also send notes or papers you made yourself to explain or support other proof, but those notes or papers alone <u>are not enough</u> to make a valid claim.

**Extraordinary Out-of-Pocket Losses.** If you incurred actual, <u>documented</u> out-of-pocket losses due to the Data Incident that are not covered by the Ordinary Out-of-Pocket Losses category above (for example, you lost money because of identity theft or fraud, you can get back up to **$5,000.00**.

You will need to show that:

- the theft or fraud was probably caused by the Data Incident
- the losses are not already covered by **Ordinary Out-of-Pocket Losses**
- you tried to prevent the loss or get your money back, such as by using insurance you already have

The losses must have occurred between May 7, 2024, and [Claims Deadline].

You need to send proof, like receipts, to show how much you spent or lost. You can also send notes or papers you made yourself to explain or support other proof, but those notes or papers alone <u>are not enough</u> to make a valid claim.

**Lost Time.** Class Members who spent time dealing with the Data Incident may claim up to four hours, at $25.00 per hour, for a maximum of **$100.00**.

You must have spent the time on tasks related to the Data Incident. Some examples include things like:

- changing your passwords
- investigating suspicious activity in your accounts
- researching the Data Incident

You must briefly describe how you spent this time.

If you are also claiming an **Ordinary Out-of-Pocket Losses** payment, the combined total is capped at $800.00.

<u>Option 2:</u> **Alternative Cash Payment.** Instead of any of the benefits in Option 1, you may claim a one-time cash payment of **$75.00**. You do not have to provide any proof or explanation to claim this payment.

If you have questions about these benefits, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@[SettlementWebsite].com
- Call toll free, 24/7: 1-XXX-XXX-XXXX
- By mail: Express Services Data Incident Settlement, c/o Settlement Administrator, [PO Box Number], Santa Ana, CA 92799-9958.

## 8. What claims am I releasing if I stay in the Class?

If you stay in the class, you won't be able to be part of any other lawsuit against Express Services about the issues that this Settlement covers. The Settlement Agreement describes the legal claims that you give up if you remain in the Class. The Settlement Agreement is available at www.[SettlementWebsite].com.

# Submitting a Claim Form for a Settlement Payment

## 9. How do I submit a claim for a Settlement benefit?

The fastest way to submit your Claim Form is online at www.[SettlementWebsite].com. If you prefer, you can download a printable Claim Form from the website and mail it to the Settlement Administrator at:

Express Services Data Incident Settlement
c/o Settlement Administrator
[PO Box Number]
Santa Ana, CA 92799-9958

You may also contact the Settlement Administrator to request a Claim Form by telephone, toll free, 1-XXX-XXX-XXXX, by email info@[SettlementWebsite].com, or by U.S. mail at the address above.

## 10. Are there any important Settlement payment deadlines?

If you are submitting a Claim Form online, you must do so by [Claims Deadline]. If you are submitting a claim by U.S. mail, the completed and signed Claim Form, including supporting documentation, must be postmarked no later than [Claims Deadline].

## 11. When will the Settlement benefits be issued?

The Court will hold a final approval hearing on [FA Hearing Date] (*see* **Question 18**). If the Court approves the Settlement, there may be appeals. We do not know if appeals will be filed, or how long it will take to resolve them if they are filed.

Settlement payments will be distributed if the Court grants final approval, and after any appeals are resolved.

# The Lawyers Representing You

## 12. Do I have a lawyer in the case?

Yes, the Court has appointed attorney William B. Federman of Federman & Sherwood, to represent you and other Class Members ("Class Counsel").

6

Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com

## 13. Should I get my own lawyer?

You will not be charged for Class Counsel's services. If you want your own lawyer, you may hire one at your expense.

## 14. How will Class Counsel be paid?

Class Counsel will ask the court to approve $222,500.00 as reasonable attorney's fees and costs of litigation. This amount will be paid by Express Services.

Class Counsel will also ask for Service Award payments of $3,000.00 for each of the Class Representatives. Service Award payments will also be paid by Express Services.

# Excluding Yourself from the Settlement

## 15. How do I opt out of the Settlement?

If you do not want to be part of the Settlement, you must formally exclude yourself from the Settlement. This is called a Request for Exclusion, and is sometimes also called "opting out." If you opt out, you will not receive Settlement benefits or payment. However, you will keep any rights you may have to sue Express Services on your own about the legal issues in this case.

If you exclude yourself, you are telling the Court that you do not want to be part of the Settlement. You will not be eligible to receive any Settlement benefits if you exclude yourself.

The deadline to exclude yourself from the Settlement is **[Opt-Out Deadline]**.

To be valid, your Request for Exclusion must have the following information:

(1) the name of the Litigation: *In re Express Services, Inc. Data Breach Litigation*, Case No. 5:24-cv-00974, pending in the United States District Court for the Western District of Oklahoma;

(2) your full name and current address;

(3) personal signature; and

(4) the words "Request for Exclusion" or a clear and similar statement that you do not want to participate in the Settlement.

You may only exclude yourself—not any other person.

Mail your Request for Exclusion to the Settlement Administrator at:

Express Services Data Incident Settlement
ATTN: Exclusion Request
[PO Box Number]
Santa Ana, CA 92799-9958

Your Request for Exclusion must be submitted, postmarked, or emailed by **[Opt-Out Deadline]**.

7

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

# Commenting on or Objecting to the Settlement

## 16. How do I tell the Court if I like or do not like the Settlement?

If you are a Class Member and do not like part or all of the Settlement, you can object to it. Objecting means telling the Court your reasons for why you think the Court should not approve the Settlement. The Court will consider your views.

You cannot object if you have excluded yourself from the Settlement (*see* **Question 15**)

You must provide the following information for the Court to consider your objection:

(1) the name of the Litigation: *In re Express Services, Inc. Data Breach Litigation*, Case No. 5:24-cv-00974, pending in the United States District Court for the Western District of Oklahoma;

(2) your full name, address, telephone number (if any), and email address (if any);

(3) information that proves that you are a Settlement Class Member (such as a notice you have received);

(4) a written statement of all grounds for the objection, accompanied by any legal support or documentation that you care to submit;

(5) a statement as to whether the objection applies only to you, to a specific subset of the Settlement Class, or to the entire Settlement Class;

(6) if you have hired your own lawyer to represent you at the Final Approval Hearing, provide their name and telephone number;

(7) whether or not you or your lawyer would like to speak at the Final Approval Hearing;

(8) if you plan on calling witnesses or submitting documents at the Final Approval Hearing, provide a full list of both;

(9) a list of all other matters in which you and/or your attorney have lodged an objection to a class action settlement; and

(10) your signature.

For your objection to be valid, it must meet each of these requirements.

To be considered by the Court, you must file your complete objection with the Clerk of Court by **[OBJECTION DATE]**. You must also send a copy of the objection to the Settlement Administrator.

| Clerk of the Court | Settlement Administrator |
|---|---|
| Clerk of the Court<br>[Court Address] | Express Services Data Incident Settlement<br>ATTN: Objections<br>[PO Box Number]<br>Santa Ana, CA 92799-9958 |

8

## 17. What is the difference between objecting and excluding?

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement is opting out and stating to the Court that you do not want to be part of the Settlement. If you opt out of the Settlement, you cannot object to it because the Settlement no longer affects you.

## The Court's Final Approval Hearing

## 18. When is the Court's Final Approval Hearing?

The Court will hold a final approval on **[FA Hearing Date] at [Hearing Time] Central Time**, in Room [Court Room] of the United States District Court for the Western District of Oklahoma, at [Court Address].

At the final approval hearing, the Court will decide whether to approve the Settlement. The court will also decide how Class Counsel should be paid, and whether to award Service Award payments to the Class Representatives. The Court will also consider any objections to the Settlement.

If you are a Class Member, you or your lawyer may ask permission to speak at the hearing at your own cost (*See* **Question 16**).

The date and time of this hearing may change without further notice. Please check www.[SettlementWebsite].com for updates.

## 19. Do I have to come to the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense if you wish, but you do not have to.

If you file an objection, you do not have to come to the Final Approval Hearing to talk about it; the Court will consider it as long as it was filed on time. You may also pay your own lawyer to attend, but you do not have to.

## If I Do Nothing

## 20. What happens if I do nothing at all?

If you do nothing, you will not receive a benefit from this Settlement.

You will also give up the rights described in **Question 8**.

## Getting More Information

## 21. How do I get more information?

This Notice is a summary of the proposed Settlement. The full Settlement Agreement and other related documents are available at the Settlement Website, www.[SettlementWebsite].com.

9

Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com

If you have additional questions, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@[SettlementWebsite].com
- Call toll free, 24/7: 1-XXX-XXX-XXXX
- By mail: Express Services Data Incident Settlement, c/o Settlement Administrator, [PO Box Number], Santa Ana, CA 92799-9958.

You can obtain copies of publicly filed documents by visiting the office of the Clerk of the Court, [Court Address].

**DO NOT CONTACT THE COURT OR CLERK OF COURT REGARDING THIS SETTLEMENT**

10

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

# EXHIBIT D

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| IN RE EXPRESS SERVICES, INC. DATA BREACH LITIGATION | Case No. 5:24-cv-00974 |
|  | Honorable Judge Bernard Jones |

### [PROPOSED] PRELIMINARY APPROVAL ORDER

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. ___) (the "Motion"), the terms of which are set forth in a Settlement Agreement between Plaintiffs and Defendant Express Services, Inc. ("Express" or "Defendant") (together with Plaintiffs, the "Parties"), with accompanying exhibits (ECF No. ___) (the "Settlement Agreement").[1]

Having fully considered the issue, the Court hereby **GRANTS** the Motion and **ORDERS** as follows:

1. **Class Certification for Settlement Purposes Only**. The Settlement Agreement provides for a Settlement Class defined as follows:

> All Persons whose Private Information was potentially compromised as a result of the Incident.

The Settlement Class specifically excludes: (i) the Judge assigned to evaluate the fairness of this Settlement; and (ii) any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Incident or who pleads *nolo contendere* to any such charge.

---

[1] All capitalized terms in this Preliminary Approval Order have the same meaning as set forth in the Settlement Agreement, unless otherwise indicated.

Pursuant to Federal Rules of Civil Procedure 23(e)(1), the Court finds that giving notice of the proposed Settlement is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate.

The Court also finds that it will likely be able to certify the Settlement Class for purposes of settlement because it meets all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds for settlement purposes that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Class Representative are typical of and arise from the same operative facts and the Class Representatives seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this Litigation on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Litigation.

2.    **Settlement Class Representatives and Settlement Class Counsel**. The Court finds that Plaintiffs Kurtis Sabo, Russell Karli, and Kristin Lunsford (collectively "Plaintiffs" or "Class Representatives") will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as the Class Representatives. Additionally, the Court

2

finds that William B. Federman of Federman & Sherwood will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Class Counsel pursuant to Rule 23(g)(1).

3.     **Preliminary Settlement Approval.** Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the good faith, arms' length negotiations between the Parties and absence of any collusion in the Settlement, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, the Settlement treats the Settlement Class Members equitably, and all of the other factors required by Rule 23 and relevant case law.

4.     **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

5.     **Final Fairness Hearing**. A Final Fairness Hearing shall be held on _____, 202__, at 200 NW 4th Street, Oklahoma City, Oklahoma 73102, where the Court will determine, among other things, whether: (a) this Litigation should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement should be approved as fair, reasonable, and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this Litigation should be

3

dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members (who have not timely and validly excluded themselves from the Settlement) should be bound by the releases set forth in the Settlement Agreement; (e) the application of Class Counsel for an award of Attorneys' Fees, Costs, and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) the application of the Class Representatives for a Service Award should be approved.

6.    **Claims Administrator**. The Court appoints Simpluris, Inc. as the Claims Administrator, with responsibility for class notice and settlement administration. The Claims Administrator is directed to perform all tasks the Settlement Agreement requires. The Claims Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

7.    **Notice**. The proposed notice program set forth in the Settlement Agreement and the Notices and Claim Form attached to the Settlement Agreement as Exhibits A, B, and C are hereby approved. Non-material modifications to these Exhibits may be made by the Claims Administrator in consultation and agreement with the Parties, but without further order of the Court.

8.    **Findings Concerning Notice**. The Court finds that the proposed form, content, and method of giving Notice to the Settlement Class as described in the Notice program and the Settlement Agreement and its exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the proposed Settlement, and their rights under the proposed Settlement, including,

but not limited to, their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c); and (e) and meet the requirements of the Due Process Clause(s) of the United States and Oklahoma Constitutions. The Court further finds that the Notice provided for in the Settlement Agreement is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

The Claims Administrator is directed to carry out the Notice program in conformance with the Settlement Agreement.

9.    **Class Action Fairness Act Notice**. Within ten (10) days after the filing of this Settlement Agreement with the Court, the Claims Administrator acting on behalf of Defendant shall have served or caused to be served a notice of the proposed Settlement on appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

10.    **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must individually sign and timely submit written notice of such intent to the designated Post Office box established by the Claims Administrator in the manner provided in the Notice. The written notice must clearly manifest a Person's intent to be excluded from the Settlement Class. To be effective, such requests for exclusion must be postmarked no later than the Opt-Out Deadline, which is no later than

**sixty (60) days** from the date on which the notice program commences, and as stated in the Notice.

The Claims Administrator shall promptly furnish to Class Counsel and to Defendant's counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

If a Final Order and Judgment is entered, all Persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class shall be bound by the terms of this Settlement Agreement and the Final Order and Judgment. All Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class shall not receive any cash benefits of and/or be bound by the terms of the Settlement Agreement.

11.    **Objections and Appearances**. A Settlement Class Member (who does not submit a timely written request for exclusion) desiring to object to the Settlement Agreement may submit a timely written notice of his or her objection by the Objection Deadline and as stated in the Notice. The Long Notice shall instruct Settlement Class Members who wish to object to the Settlement Agreement to send their written objections to the Claims Administrator at the address indicated in the Summary Notice and Long Notice. The Notice shall advise Settlement Class Members of the deadline for submission of any objections—the "Objection Deadline." Any such notices of an intent to object to the Settlement Agreement must be written and must include all of the following: (a) the objector's full name, address, telephone number, and email address (if any); (b) a clear and detailed written statement that identifies the basis of the specific objection that the

Settlement Class Member asserts; (c) the identity of any counsel representing the objector; (d) a statement whether the objector intends to appear at the Final Fairness Hearing, either in person or through counsel, and, if through counsel, identifying that counsel, and; (e) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (if any).

Notwithstanding the foregoing, any Settlement Class Member who timely submits a written notice of objection and attends the Final Fairness Hearing may state their objection at that time, subject to the Court's approval.

Any Settlement Class Member who fails to comply with the requirements for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Litigation. The provisions stated in the Settlement Agreement are the exclusive means for any challenge to the Settlement Agreement. Any challenge to the Settlement Agreement or the Final Order and Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

12.    **Claims Process**. Settlement Class Counsel and Defendant have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Claims Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

The Claims Administrator will be responsible for effectuating the claims process. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form. If the Final Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Order and Judgment, including the releases contained therein.

13.    **Termination of Settlement**. This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing before the Court entered this Preliminary Approval Order and before they entered the Settlement Agreement, if: (a) the Court does not enter this Preliminary Approval Order; (b) Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; (c) there is no Effective Date; or (d) otherwise consistent with the terms of the Settlement Agreement. In such event, (i) the Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel; (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any

8

purpose, and (iii) any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc.*

14.    **Use of Order**. This Preliminary Approval Order shall be of no force or effect if the Final Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability. Nor shall this Preliminary Approval Order be construed or used as an admission, concession, or declaration by or against the Class Representatives or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims they may have in this Litigation or in any other lawsuit.

15.    **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Fairness Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Claims Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

16.    **Stay of Litigation.** All proceedings in the Litigation, other than those related to approval of the Settlement Agreement, are hereby stayed. Further, all Settlement Class Members are provisionally enjoined and barred from asserting any claims or continuing any litigation against Defendant and the Released Parties arising out of, relating to, or in connection with the Released Claims pending Final Approval of the Settlement Agreement.

17. **Jurisdiction.** For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the settlement proceedings to ensure effectuation thereof in accordance with the settlement preliminarily approved herein and the related orders of this Court.

18. **Schedule and Deadlines**. The Court orders the following schedule of dates for the specified actions/further proceedings:

## SETTLEMENT TIMELINE

| Event | Deadline |
|---|---|
| Notice Deadline | 30 days after the entry of the Preliminary Approval Order |
| Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Service Awards | 14 days before the Objection and Opt-Out Deadlines |
| Objection Deadline | 60 days after Notice Deadline |
| Opt-Out Deadline | 60 days after Notice Deadline |
| Claims Deadline | 90 days after Notice Deadline |
| Motion for Final Approval of Class Action Settlement | 14 days before the Final Fairness Hearing |
| **Final Fairness Hearing** (to be scheduled by the Court) | 120 days after Preliminary Approval Order (at minimum) _____, 202__ |

10

**SO ORDERED THIS _____ DAY OF _____, 202\_\_\_.**

_____

**Hon. Bernard Jones**
**United States District Court Judge**

# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| IN RE EXPRESS SERVICES, INC. DATA BREACH LITIGATION | Case No. 5:24-cv-00974 |
| | Honorable Judge Bernard Jones |

**[PROPOSED] FINAL APPROVAL ORDER**

Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement ("Motion for Final Approval") (ECF No. ___). The Motion seeks approval of the Settlement as fair, reasonable, and adequate. Also before the Court is Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards (ECF No. ___) ("Motion for Attorneys' Fees").

Having reviewed and considered the Settlement Agreement, Motion for Final Approval, and Motion for Attorneys' Fees, and having conducted a Final Fairness Hearing on _____, 202__, the Court makes the findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Order.

**WHEREAS**, on _____, 202__, the Court entered an Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") (ECF No. __) which, among other things: (a) conditionally certified this matter as a class action, including defining the class and class claims, (b) appointed Plaintiffs as the Class Representatives and appointed William B. Federman of Federman & Sherwood as Class Counsel; (c) preliminarily approved the Settlement Agreement; (d) approved the form and manner of Notice to the Settlement Class; (d) set deadlines for

opt-outs and objections; (e) approved and appointed the Claims Administrator; and (f) set the date for the Final Fairness Hearing;

**WHEREAS**, on _____, 202__, pursuant to the Notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement Agreement, of the right of Settlement Class Members to opt-out, and the right of Settlement Class Members to object to the Settlement Agreement and to be heard at a Final Fairness Hearing;

**WHEREAS**, on _____, 202__, the Court held a Final Approval Hearing to determine, *inter alia*: (a) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (b) whether judgment should be entered dismissing this action with prejudice. Prior to the Final Fairness Hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court as required by the Preliminary Approval Order. Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the Final Fairness Hearing in support of or in opposition to the proposed Settlement Agreement, the award of attorneys' fees, costs, and expenses to Class Counsel, and the payment of a Service Award to the Class Representative;

**WHEREAS**, the Court is not required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**WHEREAS**, the Court being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the proposed Settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class;

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for Defendant, having reviewed all of the submissions presented with respect to the proposed Settlement Agreement, having determined that the Settlement Agreement is fair, adequate, and reasonable, having considered the application made by Settlement Class Counsel for attorneys' fees, costs, and expenses, and the application for a Service Award to the Representative Plaintiffs, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS ORDERED** that:

1.     The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.

2.     The Settlement involves allegations in Plaintiffs' Consolidated Class Action Complaint against Defendant for its alleged failure to implement or maintain adequate data security measures and safeguards to protect personally identifiable information, which Plaintiffs allege directly and proximately caused injuries to Plaintiffs and Settlement Class Members.

3.     The Settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

4.    Unless otherwise indicated, words spelled in this Order and Judgment Granting Final Approval of Class Action Settlement ("Final Order and Judgment") with initial capital letters have the same meaning as set forth in the Settlement Agreement.

5.    The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties pursuant to Federal Rule of Civil Procedure 23(e)(2), grants final approval of the Settlement Agreement and for purposes of the Settlement Agreement and this Final Order and Judgment only, the Court hereby finally certifies the following Settlement Class:

> All Persons whose Private Information was potentially compromised as a result of the Incident.

Specifically excluded from the Settlement Class are (i) the Judge assigned to evaluate the fairness of this Settlement; and (ii) any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Incident or who pleads *nolo contendere* to any such charge.

6.    The Settlement was entered into in good faith following arm's length negotiations and is non-collusive. The Settlement is in the best interests of the Settlement Class and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The Court finds that the

uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

       7.      The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

      a.      Claims Administration as outlined in the Settlement Agreement whereby Participating Settlement Class Members can submit claims that will be evaluated by a Claims Administrator.

      b.      Defendant to pay all costs of Claims Administration from the Settlement Fund, including the cost of the Claims Administrator, instituting Notice, processing and administering claims, and preparing and mailing checks.

      c.      Defendant to pay, subject to the approval and award of the Court, the reasonable attorneys' fees, costs, and expenses of Class Counsel and a Service Award to the Class Representative from the Settlement Fund.

The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes that because this certification of the Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement Agreement.

8.     The terms of the Settlement Agreement are fair, adequate, and reasonable and are hereby approved, adopted, and incorporated by the Court. Notice of the terms of the Settlement, the rights of Settlement Class Members under the Settlement, the Final Fairness Hearing, Plaintiffs' application for attorneys' fees, costs, and expenses, and the Service Award payment to the Class Representatives have been provided to Settlement Class Members as directed by this Court's Orders, and proof of Notice has been filed with the Court.

9.     The Court finds that the notice program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their right to object and to appear at the Final Fairness Hearing or to exclude themselves from the Settlement Agreement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law

10.     The Court finds that Defendant has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

11.     As of the Opt-Out deadline, _____ potential Settlement Class Members have requested to be excluded from the Settlement. Their names are set forth in **Exhibit 1** to this Final Order and Judgment. Those persons are not bound by the Settlement Agreement and this Final Order and Judgment and shall not be entitled to any of the

6

benefits afforded to the Settlement Class Members under the Settlement Agreement, as set forth in the Settlement Agreement.

12. _____ objections were filed by Settlement Class Members.  The Court has considered all objections and finds the objections do not counsel against Settlement Agreement approval, and the objections are hereby overruled in all respects.

13. All Settlement Class Members who have not objected to the Settlement Agreement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

14. The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Fairness Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

15. The Parties, their respective attorneys, and the Claims Administrator are hereby directed to consummate the Settlement in accordance with this Final Order and Judgment and the terms of the Settlement Agreement.

16. Within the time period set forth in the Settlement Agreement, the relief provided for in the Settlement Agreement shall be made available to the various Participating Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

17. Pursuant to and as further described in the Settlement Agreement, Plaintiffs and the Participating Settlement Class Members hereby fully and irrevocably release and

forever discharge the Released Claims against the Released Parties, as defined in the Settlement Agreement.

18.     The Court grants final approval to the appointment of Plaintiffs as Class Representatives. The Court concludes that the Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

19.     Pursuant to the Settlement Agreement, and in recognition of their efforts on behalf of the Settlement Class,  the Court approves a payment to the Class Representatives—Kurtis Sabo, Russell Karli, and Kristin Lunsford—in the amount of $3,000.00 each as a Service Award ($9,000.00 in total). Defendant shall  make such payment in accordance with the terms  of  the Settlement Agreement.

20.     The Court grants final approval to the appointment of William B. Federman of Federman & Sherwood as Class Counsel. The Court concludes that Class Counsel has adequately represented the Settlement Class and will continue to do so.

21.     The Court, after careful review of the fee petition filed by Class Counsel, and after applying the appropriate standards required by relevant case law, hereby grants Class Counsel's application for attorneys' fees and expenses in the amount of $222,500.00. Payment  shall be made pursuant to the terms of the Settlement Agreement.

22.     This Final Order and Judgment and the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant's or of the validity or

certifiability for litigation of any claims that have been, or could have been, asserted in the lawsuit. This Final Order and Judgment, the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; provided, however, that the Settlement Agreement and this Final Order and Judgment may be filed in any action by Defendant, Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Order and Judgment (including, but not limited to, enforcing the releases contained herein). The Settlement Agreement and Final Order and Judgment shall not be construed or admissible as an admission by Defendant that Plaintiff's claims or any similar claims are suitable for class treatment. The Settlement Agreement's terms shall be forever binding on, and shall have *res judicata* and preclusive effect on, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Final Order and Judgment that are maintained by, or on behalf of, any Settlement Class Member or any other person subject to the provisions of this Final Order and Judgment.

23.    If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Order and Judgment and the Preliminary Approval Order shall be deemed vacated, and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Order and

Judgment and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any  purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc*, and the Parties shall be restored to their respective positions in the Litigation, as if the Parties never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). In  such event,  the  Parties will jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel. Further, in such event, Defendant will pay amounts already billed or incurred for costs of notice to the Settlement Class, and Claims Administration, and will not, at any time, seek recovery of same from any other Party to the Litigation or from counsel to any other Party to the Litigation.

24.    This Court shall retain and reserve jurisdiction over: (a) implementation of this Settlement; (b) the Action, until the Effective Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms and conditions of the Settlement Agreement, including the exhibits appended thereto; (c) all Parties, for the purpose of enforcing and administering the Settlement; and (d) any purpose(s) necessary to protect its jurisdiction from any action, whether in state or federal court.

25.    Without affecting the finality of this Final Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

26.    Upon the entry of this Final Approval Order, with the exception of the Parties' implementation of the Settlement and the approval process in this Action, all Participating Settlement Class Members shall be enjoined and barred from asserting any claims or continuing any litigation against Defendant and the Released Parties arising out of, relating to, or in connection with the Released Claims.

27.    This Order resolves all claims against all Parties in this action and is a final order.

28.    The matter is hereby dismissed with prejudice and without costs except as provided in the Settlement Agreement.

**SO ORDERED THIS _____ DAY OF _____, 202___.**

_____
**Hon. Bernard Jones**
**United States District Court Judge**