**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| IN RE EXPRESS SERVICES, INC. DATA BREACH LITIGATION ) ) ) ) ) | Case No. CIV-24-974-J |

**PRELIMINARY APPROVAL ORDER**

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement [Doc. No. 39], the terms of which are set forth in a Settlement Agreement between Plaintiffs and Defendant Express Services, Inc. [Doc. No. 41] (Settlement Agreement).

Having fully considered the issue, the Court GRANTS the Motion and ORDERS as follows:

**I.   Class Certification for Settlement Purposes Only**

The Settlement Agreement provides for a Settlement Class defined as follows:

All Persons whose Private Information was potentially compromised as a result of the Incident.

The Settlement Class specifically excludes: (1) the Judge assigned to evaluate the fairness of this Settlement; and (2) any other person found to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Incident or who pleads *nolo contendere* to any such charge.

Pursuant to Federal Rules of Civil Procedure 23(e)(1), the Court finds that giving notice of the proposed Settlement is justified.  The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate.

The Court also finds that it will likely be able to certify the Settlement Class for purposes of settlement because it meets all the requirements of Rule 23(a) and the requirements of Rule

23(b)(3). Specifically, the Court finds for settlement purposes that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Class Representatives are typical of and arise from the same operative facts and the Class Representatives seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this litigation on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this litigation.

## II.     Settlement Class Representatives and Settlement Class Counsel

The Court finds that Plaintiffs Kurtis Sabo, Russell Karli, and Kristin Lunsford will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as the Class Representatives. Additionally, the Court finds that William B. Federman of Federman & Sherwood will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Class Counsel pursuant to Rule 23(g)(1).

## III.    Preliminary Settlement Approval

Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the good faith, arms' length

negotiations between the parties and absence of any collusion in the Settlement, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, the Settlement treats the Settlement Class Members equitably, and all of the other factors required by Rule 23 and relevant case law.

### IV.     **Jurisdiction**

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over the parties before it.  Additionally, venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

### V.      **Final Fairness Hearing**

A Final Fairness Hearing shall be held at 10:00 a.m. on January 21, 2026, at 200 NW 4th Street, Oklahoma City, Oklahoma 73102, where the Court will determine, among other things, whether: (a) this litigation should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement should be approved as fair, reasonable, and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members (who have not timely and validly excluded themselves from the Settlement) should be bound by the releases set forth in the Settlement Agreement; (e) the application of Class Counsel for an award of Attorneys' Fees, Costs, and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) the application of the Class Representatives for a Service Award should be approved.

**VI.    Claims Administrator**

The Court appoints Simpluris, Inc. as the Claims Administrator, with responsibility for class notice and settlement administration. The Claims Administrator is directed to perform all tasks the Settlement Agreement requires. The Claims Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

**VII.   Notice**

The proposed Notice Program set forth in the Settlement Agreement and the Notices and Claim Form attached to the Settlement Agreement as Exhibits A, B, and C are hereby approved. Non-material modifications to these Exhibits may be made by the Claims Administrator in consultation and agreement with the parties, but without further order of the Court.

**VIII.  Findings Concerning Notice**

The Court finds that the proposed form, content, and method of giving notice to the Settlement Class as described in the Notice Program and the Settlement Agreement and its exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the litigation, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c); and (e) and meet the requirements of the Due Process Clause(s) of the United States and Oklahoma Constitutions. The Court further finds that the Notice provided for

in the Settlement Agreement is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

The Claims Administrator is directed to carry out the Notice Program in conformance with the Settlement Agreement.

IX. **Class Action Fairness Act Notice**

Within ten (10) days after the filing of this Settlement Agreement with the Court, the Claims Administrator acting on behalf of Defendant shall have served or caused to be served a notice of the proposed Settlement on appropriate officials in accordance with the requirements under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1715(b).

X. **Exclusion from Class**

Any Settlement Class Member who wishes to be excluded from the Settlement Class must individually sign and timely submit written notice of such intent to the designated Post Office box established by the Claims Administrator in the manner provided in the Notice. The written notice must clearly manifest a person's intent to be excluded from the Settlement Class. To be effective, such requests for exclusion must be postmarked no later than the Opt-Out Deadline, which is no later than sixty (60) days from the date on which the Notice Program commences, and as stated in the Notice.

The Claims Administrator shall promptly furnish to Class Counsel and to Defendant's counsel a complete list of all timely and valid requests for exclusion (Opt-Out List).

If a Final Order and Judgment is entered, all persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class shall be bound by the terms of this Settlement Agreement and the Final Order and Judgment. All persons who submit

valid and timely notices of their intent to be excluded from the Settlement Class shall not receive any cash benefits of and/or be bound by the terms of the Settlement Agreement.

XI.     **Objections and Appearances**.

A Settlement Class Member (who does not submit a timely written request for exclusion) desiring to object to the Settlement Agreement may submit a timely written notice of his or her objection by the Objection Deadline and as stated in the Notice.  The Long Notice shall instruct Settlement Class Members who wish to object to the Settlement Agreement to send their written objections to the Claims Administrator at the address indicated in the Summary Notice and Long Notice.  The Notice shall advise Settlement Class Members of the deadline for submission of any objections – the "Objection Deadline."  Any such notices of an intent to object to the Settlement Agreement must be written and must include all of the following: (a) the objector's full name, address, telephone number, and email address (if any); (b) a clear and detailed written statement that identifies the basis of the specific objection that the Settlement Class Member asserts; (c) the identity of any counsel representing the objector; (d) a statement whether the objector intends to appear at the Final Fairness Hearing, either in person or through counsel, and, if through counsel, identifying that counsel, and; (e) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (if any).

Notwithstanding the foregoing, any Settlement Class Member who timely submits a written notice of objection and attends the Final Fairness Hearing may state their objection at that time, subject to the Court's approval.

Any Settlement Class Member who fails to comply with the requirements for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and

by all proceedings, orders, and judgments in the litigation.  The provisions stated in the Settlement Agreement are the exclusive means for any challenge to the Settlement Agreement.  Any challenge to the Settlement Agreement or the Final Order and Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

### XII.     Claims Process

Settlement Class Counsel and Defendant have created a process for Settlement Class Members to claim benefits under the Settlement.  The Court preliminarily approves this process and directs the Claims Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

The Claims Administrator will be responsible for effectuating the claims process.  Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form.  If the Final Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Order and Judgment, including the releases contained therein.

### XIII.    Termination of Settlement

This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing before the Court entered this Preliminary Approval Order and before they entered the Settlement Agreement, if: (a) Settlement is not finally approved by the Court or is terminated in accordance

with the Settlement Agreement; (b) there is no effective date; or (c) otherwise consistent with the terms of the Settlement Agreement.  In such event, (i) the parties shall be restored to their respective positions in the litigation and shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any party or party's counsel; (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the parties and shall not be used in the litigation or in any other proceeding for any purpose, and (iii) any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc.*

### XIV. Use of Order

This Preliminary Approval Order shall be of no force or effect if the Final Order and Judgment is not entered or there is no effective date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability.  Nor shall this Preliminary Approval Order be construed or used as an admission, concession, or declaration by or against the Class Representatives or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any party of any defense or claims they may have in this litigation or in any other lawsuit.

### XV. Continuance of Hearing

The Court reserves the right to adjourn or continue the Final Fairness Hearing and related deadlines without further written notice to the Settlement Class.  If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Claims Administrator.  The Court may approve the Settlement, with such modifications as may be agreed upon by the parties, if appropriate, without further notice to the Settlement Class.

XVI. **Stay of Litigation**

All proceedings in the litigation, other than those related to approval of the Settlement Agreement, are hereby stayed. Further, all Settlement Class Members are provisionally enjoined and barred from asserting any claims or continuing any litigation against Defendant and the Released Parties arising out of, relating to, or in connection with the Released Claims pending Final Approval of the Settlement Agreement.

XVII. **Jurisdiction**

For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the settlement proceedings to ensure effectuation thereof in accordance with the settlement preliminarily approved herein and the related orders of this Court.

XVIII. **Schedule and Deadlines**

The Court orders the following schedule of dates for the specified actions/further proceedings:

**SETTLEMENT TIMELINE**

| Event | Deadline |
|---|---|
| Notice Deadline | 30 days after the entry of the Preliminary Approval Order |
| Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Service Awards | 14 days before the Objection and Opt-Out Deadlines |
| Objection Deadline | 60 days after Notice Deadline |
| Opt-Out Deadline | 60 days after Notice Deadline |
| Claims Deadline | 90 days after Notice Deadline |
| Motion for Final Approval of Class Action Settlement | 14 days before the Final Fairness Hearing |

| | |
|---|---|
| **Final Fairness Hearing**<br>(to be scheduled by the Court) | 120 days after Preliminary Approval Order (at minimum)<br>**January 21, 2026 at 10:00 a.m.** |

IT IS SO ORDERED this 18th day of September, 2025.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE